IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: CITY OF MILLERSVILLE LITIGATION | ) ) ) | Master File No. 3:25-cv-00052 |
| This Document Relates To: | ) ) | Judge Crenshaw |
| No. 3:25-cv-00576 | ) ) | Magistrate Judge Newbern |

## DEFENDANTS PHIL WILLIAMS, LEVI ISMAIL, AND SCRIPPS MEDIA, INC.'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6), Defendants Phil Williams, Levi Ismail, and Scripps Media, Inc. (the "NewsChannel 5 Defendants") respectfully submit this Motion to Dismiss. As explained below, the Court should: (1) dismiss Plaintiffs' Section 1983 and RICO claims against the NewsChannel 5 Defendants; (2) decline to exercise residual jurisdiction over the remaining state-law claims; and (3) award the NewsChannel 5 Defendants their reasonable attorneys' fees.

Dated:       September 8, 2025

Respectfully submitted,

**SHERRARD, ROE, VOIGHT & HARBISON, PLC**

*/s/ William J. Harbison II*
William J. Harbison II (BPR # 33330)
1600 West End Ave., Suite 1750
Nashville, TN 37203
(615) 742-4200
jharbison@srvhlaw.com

**WOMBLE BOND DICKINSON, LLP**

Ronald G. Harris (BPR # 9054)
1222 Demonbreun Street, Suite 1201
Nashville, TN 37203
(629) 250-3388
ron.harris@wbd-us.com

*Attorneys for the NewsChannel 5 Defendants*

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND ...................................................................................................3

III.    LEGAL STANDARD ...........................................................................................4

IV.     ARGUMENT .........................................................................................................5

    A.  *Counts I – II:  Plaintiffs' Section 1983 Claims Fail as a Matter of Law* ................5

        1.  Section 1983 Liability For Private Citizens ................................................5

        2.  Plaintiffs Fail to Plausibly Allege That the NewsChannel 5 Defendants "Jointly Participated" in State Action ......................................6

        3.  Plaintiffs Fail to Plausibly Allege That the NewsChannel 5 Defendants "Conspired With" State Actors ................................................7

        4.  There is No Separate "Claim" for Section 1983 "Conspiracy" ................10

    B.  *Count III:  Plaintiffs' RICO Claim Fails as a Matter of Law* ..............................11

        1.  Plaintiffs Fail to Plausibly Allege That the NewsChannel 5 Defendants Engaged in RICO "Conduct" ...................................................11

        2.  Plaintiffs Fail to Plausibly Allege That the NewsChannel 5 Defendants Formed an RICO "Enterprise" ...............................................11

        3.  Plaintiffs Fail to Plausibly Allege That the NewsChannel 5 Defendants Engaged in a RICO "Pattern of Racketeering Activity" ........13

    C.  *Count IV:  Plaintiffs' RICO Conspiracy Claim Fails as a Matter of Law* ...........14

    D.  *Counts V – VIII:   The Court Should Decline to Exercise Residual Jurisdiction Over the Remaining State-Law Claims* ..............................................15

    E.  *The Court Should Award the NewsChannel 5 Defendants Their Reasonable Attorneys' Fees* ................................................................................16

        1.  Attorneys' Fees Are Warranted Under 42 U.S.C. § 1988 ........................16

        2.  Attorneys' Fees Are Also Warranted Under 28 U.S.C. § 1927 ................17

V.      CONCLUSION ....................................................................................................18

i

# TABLE OF AUTHORITIES

**Cases:**                                                                                          **Page:**

*Adickes v. S. H. Kress Co.*,
    398 U.S. 144 (1970)................................................................................................6

*Atkins v. Stivers*,
    2021 WL 3374989 (W.D. Ky Aug. 3, 2021) ..........................................................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................4, 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................................4, 5

*Benavidez v. Gunnell*,
    722 F.2d 615 (10th Cir. 1983) ..............................................................................7

*Brown v. Knoxville HMA Holdings, LLC*,
    447 F. Supp. 3d 639 (M.D. Tenn. 2020)..........................................................11, 13

*Bryant-Bruce v. Vanderbilt Univ., Inc.*,
    974 F. Supp. 1127 (M.D. Tenn. 1997)..............................................................7, 17

*Burton v. Wilmington Parking Auth.*,
    365 U.S. 715 (1961)................................................................................................6

*Ctr. for Immigr. Stud. v. Cohen*,
    410 F. Supp. 3d 183 (D.D.C. 2019), *aff'd*, 806 F. App'x 7 (D.C. Cir. 2020) ........13

*Cross v. Rodgers*,
    2017 WL 3237623 (M.D. Tenn. July 31, 2017) .....................................................9

*Dauenhauer v. Bank of New York Mellon*,
    2013 WL 2359602 (M.D. Tenn. May 28, 2013)......................................................9

*DeLanis v. Metro. Gov't of Nashville & Davidson Cnty.*,
    697 F. Supp. 3d 748 (M.D. Tenn. 2023)...........................................................5, 10

*DIRECTV, Inc. v. Cavanaugh*,
    321 F. Supp. 2d 825 (E.D. Mich. 2003)................................................................13

*Downing v. Ford Motor Co.*,
    2018 WL 3301210 (E.D. Mich. Feb. 5, 2018) ........................................................9

*Fritz v. Charter Twp. of Comstock*,
    592 F.3d 718 (6th Cir. 2010) .................................................................5

*Funk v. Scripps Media, Inc.*,
    570 S.W.3d 205 (Tenn. 2019) ...............................................................16

*Gaff v. Fed. Deposit Ins. Corp.*,
    814 F.2d 311 (6th Cir. 1987) .................................................................15

*Gann v. Kolfage*,
    2016 WL 6127722 (M.D. Tenn. Sept. 30, 2016) ....................................8

*Grant v. Com. Appeal*,
    2015 WL 5772524 (Tenn. Ct. App. Sept. 18, 2015).............................15

*Gratton v. Cochran*,
    WL 1787665 (M.D. Tenn. Apr. 24, 2019)..............................................11

*Hagen v. U-Haul Co. of Tenn.*,
    613 F. Supp. 2d 986 (W.D. Tenn. 2009)..................................................9

*Hankins v. The Gap, Inc.*,
    84 F.3d 797 (6th Cir. 1996) ...................................................................15

*Harris v. City of Seattle*,
    315 F. Supp. 2d 1112 (W.D. Wash. 2004), *aff'd*, 152 F. App'x 565 (9th Cir. 2005)..............13

*Heinrich v. Waiting Angels Adoption Servs., Inc.*,
    668 F.3d 393 (6th Cir. 2012) .................................................................13

*Hensley Mfg. v. ProPride, Inc.*,
    597 F.3d 603 (6th Cir. 2009) ...................................................................4

*Hinman v. Valleycrest Landscape Dev., Inc.*,
    2020 WL 434161 (M.D. Tenn. Jan. 28, 2020).......................................10

*Hooks v. Hooks*,
    771 F.2d 935 (6th Cir. 1985) ...................................................................8

*Hoover v. Langston Equip. Assocs., Inc.*,
    958 F.2d 742 (6th Cir. 1992) .................................................................12

*Hourani v. Mirtchev*,
    796 F.3d 1 (D.C. Cir. 2015) ...................................................................13

iii

*Hughes v. Rowe*,
    449 U.S. 5 (1980)....................................................................................................16

*In re Flint Water Cases*,
    2022 WL 957542  (E.D. Mich. Mar. 29, 2022) .........................................................8

*JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*,
    2020 WL 5877131 (M.D. Tenn. Oct. 2, 2020) ........................................................15

*Landefeld v. Marion Gen. Hosp., Inc.*,
    994 F.2d 1178 (6th Cir. 1993) .................................................................................15

*Lane v. Becker*,
    334 S.W.3d 756 (Tenn. Ct. App. 2010) .....................................................................8

*Kerrigan v. ViSalus, Inc.*,
    112 F. Supp. 3d 580 (E.D. Mich. 2015).............................................................12, 14

*Kimm v. Lee*,
    2005 WL 89386 (S.D.N.Y. Jan. 13, 2005) ..............................................................13

*Kincaid v. SouthTrust Bank*,
    221 S.W.3d 756 (Tenn. Ct. App. 2006) .....................................................................8

*Manhattan Cmty. Access Corp. v. Halleck*,
    U.S. 802 (2019)........................................................................................................6, 7

*Marshall v ITT Tech. Inst.*,
    2012 WL 1205581 (E.D. Tenn. Apr. 11, 2012) ........................................................9

*Marvaso v. Sanchez*,
    971 F.3d 599 (6th Cir. 2020) ..................................................................................8, 9

*Moon v. Harrison Piping Supply*,
    465 F.3d 719 (6th Cir. 2006) ...................................................................................15

*Moore v. City of Paducah*,
    890 F.2d 831 (6th Cir. 1989) .....................................................................................8

*McNeese v. Vandercook*,
    1999 WL 133266 (6th Cir. Feb. 25, 1999) ...............................................................5

*Ouwinga v. Benistar 419 Plan Servs., Inc.*,
    694 F.3d 783 (6th Cir. 2012) ...................................................................................12

*Redding v. St. Eward*,
  241 F.3d 530 (6th Cir. 2001) ...................................................................5

*Republic Bank & Trust Co. v. Bear Stearns & Co.*,
  683 F.3d 239 (6th Cir. 2012) ...................................................................5

*Reves v. Ernst & Houng*,
  507 U.S. 170 (1993)...............................................................................11

*State Farm Mut. Auto. Ins. Co. v. Universal Health Group, Inc.*,
  2014 WL 5427170 (E.D. Mich. Oct. 24, 2014) ....................................12

*Tareco Props. Inc. v. Morriss*,
  321 F.3d 545 (6th Cir. 2003) .................................................................17

*United Mine Workers of Am. v. Gibbs*,
  383 U.S. 715 (1966)...............................................................................15

*United States v. Sinito*,
  723 F.2d 1250 (6th Cir. 1983) ...............................................................14

*West v. Atkins*,
  487 U.S. 42 (1988).................................................................................5

**Statutes/Rules:**

Fed. R. Civ. P. 12(b)(6)...............................................................................4

18 U.S.C. § 1201 .......................................................................................13

18 U.S.C. § 1590 .......................................................................................13

18 U.S.C. § 1593A .....................................................................................13

18 U.S.C. § 1832 .......................................................................................13

18 U.S.C. § 1956 .......................................................................................13

18 U.S.C. § 1958 .......................................................................................13

18 U.S.C. § 1961 ................................................................................. *passim*

18 U.S.C. § 1962 ................................................................................11, 14

28 U.S.C. 1367 .........................................................................................15

v

28 U.S.C. § 1927 ..................................................................................................3, 17, 18

42 U.S.C. § 1983 ..................................................................................... *passim*

42 U.S.C. § 1988 ..................................................................................... *passim*

Tenn. Code Ann. § 20-17-101 ................................................................16

## **Other:**

77 C.J.S. RICO § 16 ..............................................................................17

# I.      INTRODUCTION

Plaintiffs are the former Chief and Assistant Police Chief of Millersville, Tennessee. Their sprawling, 188-page Complaint alleges a vast series of conspiracies involving sex-trafficking, money laundering, botched pedophile stings, corrupt judges, Pizzagate, "international terrorism" and mass murder. Their Complaint names thirteen identified parties and twenty-five unidentified parties as defendants.

One of Plaintiff's principal alleged conspiracies is that Defendants Kim Kelley and Phillip Joseph Drake conspired to sabotage an attempted pedophile sting the Plaintiffs organized with a group known as Veterans for Child Rescue. [D.E. 1, Compl. at ¶¶ 76-98]. Plaintiffs also allege that the Tennessee Bureau of Investigation, Tennessee judges, and a long-tenured District Attorney have acted improperly and/or conspired against both them and the Millersville Police Department. [*Id.* at ¶¶ 425-443].

The NewsChannel 5 Defendants are two investigative reporters (Phil Williams and Levi Ismail) and the media company (Scripps Media, Inc.) that owns the local television station in Nashville (WTVF). They report the news. By doing so, they have <u>not</u> joined any conspiracy or become members of any criminal enterprise with any of the other defendants, or anyone else whom Plaintiffs may believe were out to sabotage and undermine their purported investigations.

Although Plaintiffs' allegations against the NewsChannel 5 Defendants are somewhat swamped by their alleged conspiracies against everyone else, they appear largely based upon reporting on Plaintiff Taylor's interviews with numerous QAnon and conspiracy-theory podcasters (often hosted on Rumble).[1] Plaintiff Morris—Taylor's boss as Millersville's former Chief of

---

[1]    Rumble is an online video platform popular with conspiracy theorists. Most of its prominent accounts are run by individuals, many of whom have been banned or demonetized on other

Police—simply appears to be along for the ride. His beef is often with news stories allegedly "associating" him with his Assistant Chief Taylor or allegedly reporting that he had "downplayed" what Plaintiff Taylor had said on the podcasts.

The sheer length of Plaintiffs' Complaint does not mean that it states any cognizable federal claim against the NewsChannel 5 Defendants (it doesn't come close). As explained further below, the Court should grant the NewsChannel 5 Defendants' Motion to Dismiss for multiple reasons:

***First***, Plaintiffs' Section 1983 civil rights claims against the NewsChannel 5 Defendants (Counts I – II) fail as a matter of law. As pled, the NewsChannel 5 Defendants are private citizens, not state actors. Plaintiffs attempt to state a claim by conclusory allegations that they "jointly participated" in state action or "conspired with" state actors, but their Complaint fails to plausibly allege either. Simply put, there are no concrete facts alleged to support these limited theories of liability.

***Second***, Plaintiffs' RICO claim (Count III) also fails as a matter of law. Plaintiffs do not allege—let alone plausibly—that the NewsChannel 5 Defendants engaged in RICO "conduct" or formed any RICO "enterprise." At most, the alleged "racketeering activity" against the NewsChannel 5 Defendants are simply the torts of defamation and false light, neither of which is a predicate offense under RICO.

***Third***, Plaintiffs' RICO conspiracy claim (Count IV) fails because there are no plausible factual allegations that the NewsChannel 5 Defendants: (1) committed any underlying RICO offense; or (2) entered into any illicit agreement to violate RICO.

---

social media sites. *See, e.g.,* https://rumble.com/v27iscc-retired-veteran-shawn-taylor-exposes-deep-state-and-clinton-cartels-with-ni.html?e9s=src_v1_ucp.

**_Fourth_**, the Court should decline to exercise residual jurisdiction over their remaining state-law claims against the NewsChannel 5 Defendants (Counts V – VIII). Defamation and false-light claims are state law torts which should be handled in Tennessee state court, where the protections (and sanctions) of Tennessee's Anti-SLAPP Act apply.

**_Finally_**, the Court should award the NewsChannel 5 Defendants their reasonable attorneys' fees and costs under both 42 U.S.C. § 1988 and 28 U.S.C. § 1927 (because Plaintiffs' federal claims are frivolous, unreasonable, and without foundation).

Plaintiffs' allegations against the NewsChannel 5 Defendants are insufficient to state any federal claim. The Court should dismiss Plaintiffs' federal claims and decline to exercise residual jurisdiction over the remaining state-law claims.

## II.     BACKGROUND

Plaintiffs devote a substantial part of their Complaint to alleged actions of the other defendants, which are not relevant to their claims against the NewsChannel 5 Defendants. For example, a considerable number of paragraphs relate to the Plaintiffs' belief that Defendants Kim Kelley and Phillip Drake infiltrated and intentionally sabotaged the pedophile sting attempted by the Millersville Police Department in 2024. [D.E. 1, Compl. at ¶¶ 1, 98, 222]. The criminal "enterprise" allegations that Plaintiffs set up as the predicate offenses for their RICO claims are directed entirely at Defendants Drake and Kelley and include bizarre claims of mass murder of migrants, buying and concealing children, laundering money, and bribing government officers. [*See, e.g.*, *id.* at ¶¶ 223, 228, 232 and 234].

Plaintiffs' allegations directed towards the NewsChannel 5 Defendants are based upon allegedly defamatory news stories about Plaintiff Taylor and, by association, his superior, Plaintiff Morris.

3

Before he became Millersville's Assistant Police Chief, Plaintiff Taylor frequently appeared on various QAnon-associated, right-wing podcasts and freely gave his views on "public corruption, campaign-finance abuses and government conduct." [*Id.* at ¶¶ 46, 56, 149]. The videos of Plaintiff Taylor's performances/interviews will amply demonstrate that he did in fact claim to believe in vast conspiracies involving such individuals as Al Gore, George Bush, Hillary Clinton, Bill Clinton, Tennessee politicians, judges and other law enforcement officials. These videos will show that NewsChannel 5 Defendants accurately reported on Plaintiff Taylor's publicly broadcast statements. These news stories also accurately reported on the investigations that the Tennessee Bureau of Investigation had announced regarding the Millersville Police Department.[2]

The NewsChannel 5 Defendants made no false statements that would support Plaintiffs' defamation and false light claims. It is not necessary or appropriate at this time to resolve whether Plaintiffs sufficiently pled these claims, but rather that should be decided by Tennessee state courts applying Tennessee law. Because Plaintiffs' Complaint fails to state a claim under either 42 U.S.C. § 1983 for violation of civil rights or under 18 U.S.C.§§ 1961 - 1968 for violating RICO, there can be no federal question jurisdiction over the NewsChannel 5 Defendants and a dismissal of those claims should require a dismissal, albeit without prejudice, of the remaining state-law claims.

## III.   LEGAL STANDARD

Dismissal under Rule 12(b)(6) is proper where a complaint lacks sufficient facts "to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hensley Mfg. v. ProPride,*

---

[2]   For example, Plaintiffs allege that NewsChannel 5's questioning whether one of their colleagues (Captain Todd Dorris) had committed perjury somehow defamed them "[b]y extension." [D.E. 1, Compl. at ¶¶ 360-383]. Captain Dorris, however, was indicted for aggravated perjury and official misconduct in July 2025.

*Inc.*, 597 F.3d 603, 609 (6th Cir. 2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. That is, a complaint must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although well-pleaded facts must be accepted as true, a "formulaic recitation of the elements of a cause of action will not do." *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 246-47 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). "[A] legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (internal quotations and citations omitted).

## IV.   ARGUMENT

### A.   Counts I – II: Plaintiffs' Section 1983 Claims Fail as a Matter of Law

#### 1.   *Section 1983 Liability For Private Citizens*

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege [1] the violation of [2] a right secured by the Constitution and laws of the United States, and must show [3] that the alleged violation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

Section 1983 applies only to individuals acting under the color of state law. *See McNeese v. Vandercook*, 1999 WL 133266, at *1-2 (6th Cir. Feb. 25, 1999). Private entities and individuals typically cannot be held liable "because [they do] not act under the color of state law, and therefore [are] not considered 'state actor[s].'" *DeLanis v. Metro. Gov't of Nashville & Davidson Cnty.*, 697 F. Supp. 3d 748, 779 (M.D. Tenn. 2023). Indeed, private entities can only qualify as state actors "in a few limited circumstances": "(i) when the private entity performs a traditional, exclusive

5

public function; (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019) (citations omitted).

### 2. Plaintiffs Fail to Plausibly Allege That the NewsChannel 5 Defendants "Jointly Participated" in State Action

The joint participant test considers whether "[t]he State has so far insinuated itself into a position of interdependence with [the defendants] that it must be recognized as a joint participant in the challenged activity." *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961); *see also Adickes v. S. H. Kress Co.*, 398 U.S. 144 (1970) (holding that "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State").

Plaintiffs' allegations for Section 1983 liability against the NewsChannel 5 Defendants are set forth in Paragraphs 149-157 and 492-507 of their Complaint. Although pled slightly differently in these separate Paragraphs, it is clear that the only specific factual allegation against the NewsChannel 5 Defendants to support Plaintiffs' Section 1983 claim comes back to the broadcast of news stories that Plaintiffs believe are false and defamatory. [D.E. 1, Compl. at ¶¶ 149-157, 497].

Plaintiffs allege the NewsChannel 5 Defendants jointly participated in state action by "providing the defamatory narrative that prompted the special meeting" to Defendants Templet and Gregory. [D.E. 1, Compl. at ¶¶ 155-156]. But the only concrete fact pled in support is that Defendants Gregory and Templet "brandished Phil Williams' broadcast" during the Board of Commissioners Meeting on May 21, 2024. [*Id.* at ¶ 150]. There is no allegation, however, that anyone from NewsChannel 5 met with any state actor prior to the meeting—*i.e.*, all they did was

6

run a story. Plaintiffs' conclusory allegations about "acting in concert" have no factual support and there are simply not sufficient allegations for making the NewsChannel 5 Defendants liable as "joint participants" with state actors. The news media does not become a joint participant simply because a public official mentioned something they saw on the evening news (*i.e.*, all that is actually alleged here).

Nor is it enough *even if* the NewsChannel 5 Defendants "provid[ed] the defamatory narrative that prompted the special meeting" (*i.e.*, Plaintiffs' allegation unsupported by concrete facts). [D.E. 1, Compl. at ¶ 156]. "The mere furnishing of information to state officials does not constitute joint action sufficient to render a private citizen a state actor under Section 1983 . . . ." *Bryant-Bruce v. Vanderbilt Univ., Inc.*, 974 F. Supp. 1127, 1142 (M.D. Tenn. 1997) (citing *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983)).

Plaintiffs do not plausibly allege that the News Channel 5 Defendants "jointly participated" with state actors to violate their First Amendment rights. This is not one of the "few limited circumstances" in which "a private entity can qualify as a state actor." *Halleck*, 587 U.S. at 809. The Court should therefore dismiss Count I to the extent it relies on this theory of liability.

### 3. *Plaintiffs Fail to Plausibly Allege That the NewsChannel 5 Defendants "Conspired With" State Actors*

Alternatively, Plaintiff Taylor[3] alleges that the News Channel 5 Defendants "conspired with" Defendants Gregory and Templet to deprive him of his First Amendment rights. [D.E. 1, Compl. at ¶ 157].

---

[3]   It appears only Plaintiff Taylor is relying on this theory of liability. [D.E. 1, Compl. at ¶ 157 ("Alternatively, all four Defendants formed a civil conspiracy to deprive *Taylor* of his First-Amendment rights . . . ." (emphasis added))]. The analysis, however, remains the same.

Private citizens who conspire with state actors to deprive individuals of their federally-protected rights may also be found to have acted under color of state law for purposes of Section 1983 liability. *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989). To state such a theory of liability, plaintiffs must plausibly allege facts that, "when accepted as true, would allow a juror to find that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Marvaso v. Sanchez*, 971 F.3d 599, 606 (6th Cir. 2020); *see also Hooks v. Hooks*, 771 F.2d 935, 944-45 (6th Cir. 1985) ("A civil conspiracy is an agreement between two or more persons to injure another by unlawful action."). As mentioned above, this theory of liability must be pled "with some degree of specificity and vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Marvaso*, 971 F.3d at 606. In other words, plaintiffs alleging this theory "shoulder a heavy burden at the pleading stage." *In re Flint Water Cases*, 2022 WL 957542, at *10 (E.D. Mich. Mar. 29, 2022).

Plaintiffs seek to tie the NewsChannel 5 Defendants and other defendants together with broad, conclusory allegations of conspiracy. Courts have often imposed more stringent pleading requirements for alleging such broad conspiracies. The Tennessee Court of Appeals has stated that "[c]onspiracy claims must be pled with some degree of specificity . . . [and c]onclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Lane v. Becker*, 334 S.W.3d 756, 763 (Tenn. Ct. App. 2010) (internal citations omitted); *Kincaid v. SouthTrust Bank*, 221 S.W.3d 756, 763 (Tenn. Ct. App. 2006). Federal district courts applying Tennessee law have also held that civil conspiracy claims must be pled with some level of specificity. *See, e.g., Gann v. Kolfage*, 2016 WL 6127722 (M.D. Tenn. Sept. 30, 2016),

*Dauenhauer v. Bank of New York Mellon*, 2013 WL 2359602 (M.D. Tenn. May 28, 2013); *Marshall v ITT Tech. Inst.*, 2012 WL 1205581 (E.D. Tenn. Apr. 11, 2012); *Hagen v. U-Haul Co. of Tenn.*, 613 F. Supp. 2d 986, 996-97 (W.D. Tenn. 2009).

Pleading with specificity requires more than conclusory allegations of a civil conspiracy and a belief by a plaintiff that they have been a victim of a conspiracy. *Atkins v. Stivers*, 2021 WL 3374989, at *5 (W.D. Ky Aug. 3, 2021) (holding conspiracy insufficiently pled where plaintiff made only vague and conclusory allegations that she connected to no particular person with no underlying factual support); *see also Cross v. Rodgers*, 2017 WL 3237623 at *6 (M.D. Tenn. July 31, 2017) ("Cross also alleges that there was a concerted action accomplished by unlawful, libelous statements being posted and shared almost daily on Facebook. Cross does not allege facts indicating how this 'concerted action' came about."); *Downing v. Ford Motor Co.*, 2018 WL 3301210, at *5 (E.D. Mich. Feb. 5, 2018) ("Ms. Downing must present something more than her personal belief that she is the victim of a conspiracy.").

Plaintiffs' Complaint contains no suggestion beyond bare legal conclusions that the NewsChannel 5 Defendants engaged in any such conspiracy. Again, the only actual fact pled in support is that Defendants Gregory and Templet "brandished Phil Williams' broadcast" during the Board of Commissioners Meeting on May 21, 2024. [D.E. 1, Compl. at ¶ 150]. This is insufficient, as there is no factual allegation to support that a single plan existed, that Defendants Gregory and Templet shared a "conspiratorial objective" with NewsChannel 5, what that objective even was, or that there was an overt act in furtherance of this alleged conspiracy. *See Marvaso*, 971 F.3d at 606. Indeed, no specific factual allegations tie the NewsChannel 5 Defendants to a conspiracy with any state actor. It is not enough for a complaint to plug accusations of "acting in concert" into a recitation of facts that otherwise do not suggest a conspiracy (as Plaintiffs do here). *See*

9

*Hinman v. Valleycrest Landscape Dev., Inc.*, 2020 WL 434161, at *13 (M.D. Tenn. Jan. 28, 2020) ("The Complaint repeatedly plugs in the words 'acting in concert,' but does not include any actual facts that remotely suggest that Aquatic acted in concert with BrightView to build a defective pool for Hinman and then to conceal proof of the defects.").

The Court should also dismiss Count I to the extent it relies on the theory that the NewsChannel 5 Defendants "conspired with" state actors to deprive Plaintiffs of their constitutional rights.

### 4. There is No Separate "Claim" for Section 1983 "Conspiracy"

Count II contains a claim of "Civil Conspiracy to Violate First Amendment Rights (42 U.S.C. § 1983)" against "All Defendants." [D.E. 1, Compl. at ¶¶ 508-517]. <u>There is no such independent cause of action</u>:

> [A]lthough courts typically do not seem to put it exactly this way in adjudicating motions to dismiss a "claim" of civil conspiracy . . . there actually is *no cause of action* for civil conspiracy that even could be dismissed. The only thing that could be dismissed is the *theory* that each of the Defendants is liable, as a co-conspirator . . . of [their] respective co-Defendants, for any Section 1983 violations . . . .

*DeLanis*, 697 F. Supp. 3d at 782.

Thus, Count II "is actually a theory for extending liability under Section 1983"—not a separate standalone "claim." *Id.* Accordingly, the Court should dismiss Count II against NewsChannel 5 because: (1) as discussed above, Plaintiffs fail to plausibly allege that NewsChannel 5 engaged in a conspiracy to violate their constitutional rights; and (2) there is no such standalone "claim."

**B.** **Count III:** **Plaintiffs' RICO Claim Fails as a Matter of Law**

Count III alleges that "All Defendants" violated RICO. [D.E. 1, Compl. at ¶¶ 519-531]. To state this claim, Plaintiffs must plausibly allege: "(1) conduct (2) of an enterprise (3) engaged in or affecting interstate commerce (4) through a pattern (5) of racketeering activity." *Brown v. Knoxville HMA Holdings, LLC*, 447 F. Supp. 3d 639, 645 (M.D. Tenn. 2020) (citing 18 U.S.C. § 1962(c). Plaintiffs' Complaint, however, fails to plausibly allege these elements against the NewsChannel 5 Defendants.

1.   *Plaintiffs Fail to Plausibly Allege That the NewsChannel 5 Defendants Engaged in RICO "Conduct"*

Plaintiffs must plausibly allege that the NewsChannel 5 Defendants participated "directly or indirectly, in the conduct of [the RICO] enterprise's affairs." 18 U.S.C. § 1962(c). This requires allegations that the defendant participated in the "operation or management" of the enterprise. *Reves v. Ernst & Houng*, 507 U.S. 170, 183 (1993). Plaintiffs' Complaint contains no such allegations. The Court should dismiss Count III against the NewsChannel 5 Defendants for the failure to plausibly allege the RICO element of "conduct."

2.   *Plaintiffs Fail to Plausibly Allege That the NewsChannel 5 Defendants Formed a RICO "Enterprise"*

RICO defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). To survive a motion to dismiss on this element, a plaintiff must plausibly allege: "(1) that a group of persons formed an ongoing organization; (2) that they functioned as a continuing unit; and (3) that the organization was separate from the pattern of racketeering activity in which it engaged." *Gratton v. Cochran*, WL 1787665, at *3 (M.D. Tenn.

Apr. 24, 2019) (citing *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 793 (6th Cir. 2012)).

Plaintiffs do not allege that the NewsChannel 5 Defendants formed any such "enterprise." Instead, Plaintiffs simply list "shotgun" allegations of general misconduct by a group of thirty-eight different Defendants. [*See, e.g.*, D.E. 1, Compl. at ¶¶ 2, 25(g), 222, 234, 262, 399-421]. Indeed, all Plaintiffs allege is that *other Defendants* "along with their affiliated and co-owned business entities . . . as well as various unnamed Doe Defendants (1 – 25) have formed an association-in-fact constituting an 'enterprise' within the meaning of 18 U.S.C. § 1961(4)." [Compl., D.E. 1 at ¶ 520]. Plaintiffs further allege that this enterprise:

> [O]perates under a common purpose of raising illicit funds and public attention for *Defendants'* so-called "child rescue" activities, which included the alleged buying, kidnapping, or stealing of children from traffickers by force, as well as harboring them at a "Survivor Center" surrounded by armed guards and concealing them from society until they reached adulthood, and plans to coerce them into labor at the "Survivor Center."

[*Id.* at ¶ 521 (emphasis added)]. <u>Nowhere in these Paragraphs is there any mention of the NewsChannel 5 Defendants</u>. [*Id.*].

This is not sufficient to state RICO claims against the NewsChannel 5 Defendants. When testing a RICO claim, "each Defendant is entitled to an individualized analysis of his, her or its own RICO liability." *Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 602 (E.D. Mich. 2015); *see also State Farm Mut. Auto. Ins. Co. v. Universal Health Group, Inc.*, 2014 WL 5427170, at *2–3 (E.D. Mich. Oct. 24, 2014) (finding that RICO plaintiff may not "generally assert all claims against all defendants") (citing *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992)). Plaintiffs' Complaint fails this test. The Court should dismiss Count III against the NewsChannel 5 Defendants for the failure to plausibly allege the RICO element of an "enterprise."

12

### 3. Plaintiffs Fail to Plausibly Allege That the NewsChannel 5 Defendants Engaged in a RICO "Pattern of Racketeering Activity"

"In order to adequately plead that defendants . . . engaged in a 'pattern of racketeering activity,' a plaintiff must allege that the defendants committed at least two predicate acts of racketeering activity within a ten-year period." *Brown*, 447 F. Supp. 3d at 645 (citing 18 U.S.C. § 1961(5)). "Racketeering activity consists of acts which are indictable under a number of federal statutes listed in 18 U.S.C. § 1961(1)(B)." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012).

Plaintiffs allege a variety of predicate acts against "Defendants" generally,[4] but the <u>only one</u> that could possibly apply to the NewsChannel 5 Defendants is that their "Defamation, False Light, and Related State-Law Torts" are the "Predicate Acts that are an integral part of RICO . . . ." [D.E. 1, Compl. at ¶ 523(h)]. <u>But defamation is not a "predicate act" under RICO</u>. *See, e.g.*, *Ctr. for Immigr. Stud. v. Cohen*, 410 F. Supp. 3d 183, 191 (D.D.C. 2019), *aff'd*, 806 F. App'x 7 (D.C. Cir. 2020) (citing *Hourani v. Mirtchev*, 796 F.3d 1 (D.C. Cir. 2015; *see also DIRECTV, Inc. v. Cavanaugh*, 321 F. Supp. 2d 825, 839 (E.D. Mich. 2003) (noting that defamation is not a "predicate act" under RICO); *Kimm v. Lee*, 2005 WL 89386, at *5 (S.D.N.Y. Jan. 13, 2005) (citing numerous cases holding that defamation is not a predicate act for RICO purposes). <u>Neither is false light</u>. *See, e.g.*, *Harris v. City of Seattle*, 315 F. Supp. 2d 1112, 1121 (W.D. Wash. 2004), *aff'd*, 152 F. App'x 565 (9th Cir. 2005) (noting that false light is not predicate act under RICO).

---

[4] Although Plaintiffs allege violations of 18 U.S.C. § 1590 ("Trafficking for Forced Labor or Involuntary Servitude"), 18 U.S.C. § 1593A ("Benefitting Financially from Peonage or Slavery"), 18 U.S.C. § 1960 ("Unlicensed Money Transmitting Business"), 18 U.S.C. § 1956 ("Money Laundering"), 18 U.S.C. § 1958 ("Murder-for-Hire"), 18 U.S.C. § 1201 ("Kidnapping"), and 18 U.S.C. § 1832 ("Misappropriation of Trade Secrets") against all Defendants, their Complaint contains <u>no allegations that NewsChannel 5 committed these predicate crimes</u>.

13

Plaintiffs' Complaint includes no concrete facts of underlying fraudulent predicate acts on the part of the NewsChannel 5 Defendants, much less with the "individualized analysis" required under RICO. *Kerrigan*, 112 F. Supp. 3d at 602. The Court should also dismiss Count III against the NewsChannel 5 Defendants for the failure to plausibly allege the element of "racketeering activity."

**C.** **Count IV:** **Plaintiffs' RICO Conspiracy Claim Fails as a Matter of Law**

Count VI alleges that "All Defendants" engaged in a RICO conspiracy under 18 U.S.C. 18 U.S.C. § 1962(d). [D.E. 1, Compl. at ¶ 532-536]. To state this claim, Plaintiffs must plausibly allege all the elements of a RICO violation and "the existence of an illicit agreement to violate the substantive RICO provision." *United States v. Sinito*, 723 F.2d 1250, 1260 (6th Cir. 1983). "An agreement can be shown if the defendant objectively manifested an agreement to participate directly or indirectly in the affairs of an enterprise through the commission of two or more predicate crimes." *Id.* at 1261 (internal quotation and editing marks omitted). This claim fails for two independent reasons:

***First,*** as discussed above, Plaintiffs have failed to plausibly allege the elements of RICO against the NewsChannel 5 Defendants. *See* Section IV.B, *supra*.

***Second*,** Plaintiffs have failed to plausibly allege that the NewsChannel 5 Defendants engaged in any conspiracy, let alone one to violate RICO. As discussed above, Plaintiffs have not established that the NewsChannel 5 Defendants engaged in any conspiracy with state actors. *See* Section IV.A.4, *supra*. Nor have Plaintiffs even attempted to tie the NewsChannel 5 Defendants to the alleged RICO conspiracy with the other Defendants. Moreover, there is no allegation that the NewsChannel 5 Defendants agreed "to participate directly or indirectly in the affairs of an enterprise through the commission of two or more predicate crimes." *Sinito*, 723 F.2d at 1260.

The Court should therefore dismiss Count IV against the NewsChannel 5 Defendants for the failure to plausibly allege participation in a RICO conspiracy.

**D.**     **Counts V – VIII:**  **The Court Should Decline to Exercise Residual Jurisdiction Over the Remaining State-Law Claims**

This Court may decline to exercise residual jurisdiction over remaining state-law claims where it "has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c)(3).  And District Courts "should not ordinarily reach the plaintiff's state law claims" where it "has dismissed a plaintiff's federal-law claims."  *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (citing 28 U.S.C. § 1367(c)(3) and *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Hankins v. The Gap, Inc.*, 84 F.3d 797, 803 (6th Cir. 1996); *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)).  "Residual jurisdiction should be exercised only in cases where the 'interests of judicial economy and the avoidance of multiplicity of litigation' outweigh our concern over 'needlessly deciding state law issues.'"  *Id.* (quoting *Landefeld*, 994 F.2d at 1182 (quoting *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991))).

This case is a prime example where the Court should decline to exercise residual jurisdiction over the remaining state-law claims against the NewsChannel 5 Defendants.  These claims—for Defamation (Count V), False Light (Count VI), Defamation by Implication (Count VII), and Conspiracy (Count VIII)—implicate complex aspects of Tennessee law.[5]  They also have

---

[5]     Tennessee does not recognize separate "claims" for either Defamation by Implication (Count VII) or Conspiracy (Count VIII).  Rather—and like Plaintiff's "claim" for "Civil Conspiracy to Violate Civil Rights" (Count II)—these "claims" are actually just theories for extending liability.  *See, e.g.*, *JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*, 2020 WL 5877131, at *8 (M.D. Tenn. Oct. 2, 2020) ("Under Tennessee law, civil conspiracy is not itself a cause of action."); *Grant v. Com. Appeal*, 2015 WL 5772524, at *11 (Tenn. Ct. App. Sept.

nothing whatsoever to do with Plaintiffs' allegations against the other Defendants—which involve an allegedly botched sex-trafficking sting as well as "separating children from their parents at the U.S. – Mexico Border, participating in the murder of those parents, and smuggling satchels of money back into the United States to bribe officials." [D.E. 1, Compl. at ¶ 25(f)].

Additionally, it appears Plaintiffs have chosen to bring their meritless federal-law claims in an attempt to keep themselves out of state court, where Tennessee's Anti-SLAPP Act would apply. *See* Tenn. Code Ann. § 20-17-101 *et seq.* Should Plaintiffs choose to refile these claims in state court, they will be subject to the protections (and sanctions) of Tennessee's Anti-SLAPP Act.

For these reasons, the Court should dismiss the remaining state-law claims against the NewsChannel 5 Defendants.

**E.     The Court Should Award the NewsChannel 5 Defendants Their Reasonable Attorneys' Fees**

*1.     Attorneys' Fees are Warranted Under 42 U.S.C. § 1988*

Under 42 U.S.C. § 1988,[6] civil rights defendants may recover their attorneys' fees if they are a "prevailing party" and prove the plaintiff's action was "frivolous, unreasonable, or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (citations omitted).

Unfortunately, Plaintiffs' Section 1983 claims against the NewsChannel 5 Defendants (Counts I and II) are frivolous, unreasonable, and without foundation. Plaintiffs' Complaint contains zero allegations that NewsChannel 5 "jointly participated" in state action or "conspired

---

18, 2015), *abrogated on other grounds* by *Funk v. Scripps Media, Inc.*, 570 S.W.3d 205 (Tenn. 2019) ("Defamation by implication is another mechanism by which plaintiffs may prove defamation.").

[6]     "In an action or proceeding to enforce a provision of [Section 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988.

with" state actors. At best, Plaintiffs allege that the NewsChannel 5 Defendants "provid[ed] the defamatory narrative that prompted the special meeting" (an allegation unsupported by any other facts). [D.E. 1, Compl. at ¶ 1]. That is insufficient as a matter of law. *See Bryant-Bruce*, 974 F. Supp. at 1142 ("The mere furnishing of information to state officials does not constitute joint action sufficient to render a private citizen a state actor under Section 1983 . . . ."). The Court should award the NewsChannel 5 their attorneys' fees under 42 U.S.C. § 1988 because Plaintiffs' Section 1983 claims are frivolous, unreasonable, and without foundation.

### 2. Attorneys' Fees are *Also* Warranted Under *28 U.S.C. § 1927*

28 U.S.C. § 1927[7] permits an award of attorneys' fees and costs "when an attorney knows or reasonably should know that a claim pursued is frivolous." *Tareco Props. Inc. v. Morriss*, 321 F.3d 545, 550 (6th Cir. 2003).

Plaintiffs' RICO claims against the NewsChannel 5 Defendants (Counts III & IV) present such a situation. As discussed above, Plaintiffs allege their state-law claims against the NewsChannel 5 Defendants for defamation and false light are the "[p]redicate Acts that are an integral part of RICO through wire fraud . . . ." [D.E. 1, Compl. at ¶ 523(h)]. These state-law claims, however, "are not listed in the statutory definition of the term racketeering activity [and] cannot serve as predicate acts on which a RICO violation may be based . . . ." 77 C.J.S. RICO § 16. Plaintiffs' RICO claims are frivolous, and their counsel should know that. Indeed, RICO itself specifically lists the required predicate acts—*see* 18 U.S.C. § 1961(1)(B)—none of which include

---

[7] "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Plaintiffs' state-law claims. The Court should therefore also award the NewsChannel 5 Defendants their attorneys' fees under 28 U.S.C. § 1927.

**V.**    <u>**CONCLUSION**</u>

For the foregoing reasons, the Court should: (1) dismiss Plaintiffs' Section 1983 and RICO claims against the NewsChannel 5 Defendants (Counts I – IV); (2) decline to exercise supplemental jurisdiction over the remaining state-law claims (Counts V – VIII); and (3) award the NewsChannel 5 Defendants their reasonable attorneys' fees and costs incurred in defending this frivolous lawsuit under both 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

Dated:        September 8, 2025        Respectfully submitted,

**SHERRARD, ROE, VOIGHT & HARBISON, PLC**

*/s/ William J. Harbison II*
William J. Harbison II (BPR # 33330)
1600 West End Ave., Suite 1750
Nashville, TN 37203
(615) 742-4200
jharbison@srvhlaw.com

**WOMBLE BOND DICKINSON, LLP**

Ronald G. Harris (BPR # 9054)
1222 Demonbreun Street, Suite 1201
Nashville, TN 37203
(629) 250-3388
ron.harris@wbd-us.com

*Attorneys for the NewsChannel 5 Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, a true and correct copy of the foregoing has been served on the following via the Court's electronic filing system:

THE LAW OFFICE OF BRYANT KROLL
Bryant Kroll (BPR # 33394)
P.O. Box 219
Pegram, TN 37143
bryant@bryantkroll.com
(615) 994-1837

*/s/  William J. Harbison II*
William J. Harbison II