# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE: CITY OF MILLERSVILLE )
LITIGATION )
                                  )          **CASE NO. 3:25-cv-00052**
                                  )
This Document Relates To:         )          **JUDGE CRENSHAW**
No. 3:25-cv-00576                 )
                                  )          **MAGISTRATE JUDGE NEWBERN**
                                  )
                                  )
                                  )

### DEFENDANT NEWS-PRESS & GAZETTE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS CLAIMS AND FOR AN AWARD OF FEES AND COSTS

Defendant News-Press & Gazette ("News-Press") moves to dismiss Plaintiffs Shawn Taylor and Bryan Morris' Complaint [DE 1] against News-Press and for an award of its costs and fees pursuant to both 42 U.S.C. § 1988 and 28 U.S.C. § 1927 stating as follows:

This action alleges that News-Press[1] engaged in a RICO conspiracy to sexually exploit children and murder Hispanic parents along the United States/Mexico border to create orphans that can be trafficked or used for fundraising. According to the Complaint, News-Press' co-Defendant Phil Drake buried the bodies of these murdered individuals in mass graves. Plaintiffs allege that the News-Press, a company that operates ten television stations and a newspaper, none of which are in Tennessee, entered this conspiracy with elected Tennessee officials, multiple vigilante groups, and man who claims to be a founder of Qanon as part of his work as a Central

---

[1] News-Press was sued as the owner of KEYT, a television station in Santa Barbara, California. News-Press is not the owner of KEYT. That station is owned by NPG of California, LLC. NPG of California has a single member, News-Press. News-Press denies that personal jurisdiction over NPG of California, LLC is proper in this District. News-Press denies that it has any liability for the conduct of KEYT.

Intelligence Agency contractor. Something is amiss in Morrisville, Tennessee, but it has nothing to do with the News-Press.

According to the Complaint, the former Millersville mayor is in jail. A former police chief is embroiled in scandal around corruption allegations. Police officers and leaders of the department come and go, all surrounded by controversy. The Tennessee Bureau of Investigation ("TBI") has raided the Morrisville Police Department and the Plaintiffs' homes.

The instant dispute is generally that the Morrisville Police Department worked with vigilante groups focused on individuals allegedly engaged in sexual conduct with minors, that the vigilantes purposefully interfered with police operations, engaged in mass murder of foreign nationals, and that the groups' actions were for personal financial gain in violation of a variety state and federal of laws.

According to the Complaint, this illegal activity supported a fraud, based on claims that the private entities were raising money for disaster relief or to house trafficked children or were a Central Intelligence Agency contactor responsible for founding the Qanon conspiracy theory. In sum, Plaintiffs allege the purpose of the conspiracy is that it,

> [O]perates under a common purpose of raising illicit funds and public attention for Defendants' so-called 'child rescue' activities which included the alleged buying, kidnapping, or stealing of children from traffickers by force, as well as harboring them at a 'Survivor Center' surrounded by armed guards and concealing them from society until they reached adulthood,, and plans to coerce them into labor at the 'Survivor Center.'

DE 1 at ¶ 521.

Plaintiffs Shawn Taylor, the former Assistant Chief of Police in Millersville, and Bryan Morris, the former Police Chief in Millersville, do not limit their allegations to the conspiracists and vigilantes with whom they worked. Plaintiffs also allege a variety of media defendants are part of this overarching conspiracy. As it relates to Defendant News-Press, the only allegation of fact is contained in paragraphs 18 and 168 of the Complaint. Those two paragraphs allege:

PD.53518351.1
PD.53573684.1

Defendant News-Press & Gazette Company owns and operates KEYT-TV and keyt.com. It posted and republished various articles from The Channel 5 Media Defendants and is therefore liable for same. "Keyt.com" is the official website for News 3-12, a television station serving various areas in California and is a purported CNN Affiliate owned by News-Press & Gazette Company, based [i]n St. Joseph, Missouri. KEYT-TV also claims to be an "ABC affiliate." It's [sic] principal office is 825 Edmond Street, Saint Joseph, Missouri, 64501.

DE 1 at ¶ 18.

The article was reposted and republished by 'CNN Newsource' on May 23, 2024 to the website: https://keyt.com/cnn-regional/2024/05/23/city-commissioners-demand-special-meeting-to-investigate-hiring-of -conspiracy-cop/. 'Keyt.com' is the official website for News 3-12, a television station serving various areas in California and is a purported CNN Affiliate owned by News-Press & Gazette Company, base [i]n St. Joseph, Missouri. KEYT-TV also claims to be an 'ABC affiliate.'[2]

DE 1 at ¶ 168.

Nothing in those alleged facts supports the slightest inference that News-Press was part of this fantastical conspiracy. Instead, the only allegation against News-Press is that through CNN's wire service, News-Press reposted a small portion (a single article) of co-defendant Phil Williams and Levi Ismail's reporting on these matters of public concern. That is not sufficient to plead a defamation claim, even if the facts reported were wrong. It certainly is not enough to support liability for human trafficking, engaging in international sex trafficking, or mass murder. Not only should Plaintiffs claims be dismissed, but Plaintiffs' counsel should be required to pay the News-Press' costs and fees for bringing an action with no factual support and that no rational person could believe was plausible.

When a local police force is supporting conspiracy theories regarding the Covenant School Shooting, is working with vigilante groups, engaged in a sting operation aimed at pedophiles, but conducted the sting in such a way that prosecutions were untenable, and is the target of a TBI investigation, that is a matter of public concern. The public has a right to know this is how its tax

---

[2] A copy of that article was filed with the Complaint. DE 1-1 at 26 – 36.

dollars are being spent. News-Press did nothing more than republish a story regarding Plaintiffs' conduct. This lawsuit lacks any factual basis, is brought for no purpose other than to stop truthful reporting regarding the Plaintiffs' conduct, and must be dismissed.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For the purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. United States Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012).

## ARGUMENT

### I.     There Are No Allegations that the News-Press Was a State Actor, Dooming Plaintiffs' Section 1983 Claims.

Plaintiffs first two claims are brought pursuant to 42 U.S.C. § 1983. Section 1983 allows private individuals to sue state actors for violations of their constitutional rights. To state a claim under Section 1983, a plaintiff must allege: (1) a violation of a constitutional right; and (2) that the "alleged violation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42 48 (1988). Failure to plead an essential element requires dismissal. *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001).

4

Private actors typically cannot have liability under Section 1983 "because [they do] not act under the color of state law, and therefore [are] not considered 'state actor[s]." *DeLanis v. Metro Gov't of Nashville & Davidson Cnty.*, 697 F. Supp. 3d 748, 779 (M.D. Tenn. 2023); *see also Redding*, 241 F.3d at 532. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 48 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

As the Supreme Court has explained private actors can only be liable under Section 1983 when one of three limited circumstances is present "(i) when the private entity performs a traditional, exclusive public function; (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004-05 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941-42 (1982); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352-354 (1974)). As the Supreme Court explained in *Halleck*, the circumstances where private actors might have Section 1983 liability are very limited. *Id.* at 809-10. In fact, the Sixth Circuit has said to be a state actor liable under Section 1983, the state acotr's conduct must "occur[] in the course of performing an actual or apparent duty of his office, or [] the conduct is such that an actor could not have behaved as he did without the authority of his office." *Waters v. City of Morristown, Tenn.*, 242 F.3d 353, 359 (6th Cir. 2001). Many times courts have found that even governmental employees are not "state actors" for the purposes of Section 1983, unless those employees are using the power of the state to commit a wrong. *Id.* (collecting cases).

Here, there are no allegations that News-Press performed a traditional, exclusive public function, that the government compelled the News-Press to act, or that the government acted

PD.53518351.1
PD.53573684.1

jointly with the News-Press. Instead, the sole allegation is that the News-Press republished a story, originally published by a local Nashville-based television station. As set forth in detail in co-Defendants Phil Williams, Levi Ismail, and Scripps Media, Inc.'s Motion to Dismiss, there are no factual allegations that the original reporters are state actors or working in concert with the government.[3] DE 37 at 5-10. There is no plausible inference that can be drawn from these facts that Williams, Ismail, or Scripps Media, Inc. has liability pursuant to Section 1983. Certainly, there is no plausible inference that News-Press has Section 1983 liability.

Ultimately, there are no facts that could be pleaded to show that not only had the government entered a conspiracy with Scripps Media, Inc. to harm Plaintiffs and then that Scripps Media, Inc. joined News-Press to the conspiracy. No rational person could believe such a conspiracy existed. Plaintiffs have not even attempted to plead any facts that could overcome this obvious failure in their pleadings. Plaintiffs Section 1983 claims against News-Press must be dismissed.

## II.      Plaintiffs' RICO Claim Against News-Press is Not Plausibly Pleaded.

Plaintiffs' third and fourth claims are brought pursuant to the Racketeering-Influenced Criminal Organization Act, 18 U.S.C. § 1964. "To prevent organized crime from 'obtaining a foothold in legitimate business,' Congress created a civil cause of action for RICO violations." *In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 483 (6th Cir. 2013). The RICO Act "provides that it shall be unlawful for any person employed by or associated with any enterprise engaged in interstate or foreign commerce to conduct or participate in the conduct of such enterprise's affairs through a pattern of racketeering activity." *Id.* (citing 18 U.S.C. § 1962(c)).

---

[3] There is a conclusory statement that Defendants Gregory and Templet acted under color of state law in concert with NewsChannel 5. DE 1 at ¶ 155. Absent from even those conclusory allegations is any mention or reference to the News-Press.

PD.53518351.1
PD.53573684.1

The RICO Act "provides a civil cause of action to '[a]ny person injured in his business or property by reason of a violation of section 1962.'" *Grand Isle Games, LLC v. Entities*, No. 3:25-cv-390, 2025 U.S. Dist. LEXIS 155463, at *4 (M.D. Tenn. Aug. 12, 2025) (quoting 18 U.S.C. § 1964(c)). "Thus, a RICO plaintiff must allege an injury to his business or property as a result of the RICO violation." *Id.* (citing *Neisen v. Renfro*, No. 3:24-cv-01013, 2025 U.S. Dist. LEXIS 12022 at *2 (M.D. Tenn. Jan. 23, 2025) (citing *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 562 (6th Cir. 2013), overruled on other grounds by *Med. Marijuana, Inc. v. Horn*, 604 U.S. 593 (2025)).

To prevail on a RICO claim, "a plaintiff must prove 'the following elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Portnoy v. Nat'l Credit Sys., Inc.*, 837 F. App'x 364, 372 (6th Cir. 2020) (quoting *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 791 (6th Cir. 2012)). To plead a pattern of racketeering, the plaintiff "must allege that the defendants committed at least two predicate acts of racketeering activity within a ten-year period." *Brown v. Knoxville HMA Holdings, LLC*, 447 F. Supp. 3d 630, 645 (M.D. Tenn. 2020) (citing 18 U.S.C. § 1961(5)). And to state a RICO conspiracy claim, a plaintiff must "successfully allege all the elements of a RICO violation, as well as . . . the existence of an illicit agreement to violate the substantive RICO provision." *Grubbs v. Sheakley Grp., Inc.*, 807 F.3d 785, 805-06 (6th Cir. 2015) (quoting *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 411 (6th Cir. 2012) (cleaned up)). That is, "[t]o plausibly state a claim for RICO conspiracy, 18 U.S.C. § 1962(d)[,] Plaintiffs must successfully allege all the elements of a RICO violation, as well as alleging 'the existence of an illicit agreement to violate the substantive RICO provision.'" *Dell'Aquila v. NRA of Am.*, No. 3:19-cv-679, 2025 U.S. Dist. LEXIS 56228, at *21 (M.D. Tenn. Mar. 26, 2025) (quoting *Heinrich*, 668 F.3d at 411 (citing *United States v. Sinito*, 723 F.2d 1250, 1260 (6th Cir. 1983)). Courts in this District have long applied that standard. *See e.g.*, *Foster v.*

7

*Amarnek*, No. 3:31-516, 2014 U.S. Dist. LEXIS 66997, at *12-13 (M.D. Tenn. May 14, 2014) (citations omitted); *Wyndham Vacation Resorts, Inc. v. Consulting Group*, No. 2:12-cv-96, 2013 U.S. Dist. LEXIS 103249, at *22-23 (M.D. Tenn. July 23, 2013) (citations omitted).

In analyzing whether a RICO claim is plausibly pleaded, "each Defendant is entitled to an individualized analysis of his, her, or its own RICO liability." *Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 602 (E.D. Mich. 2015); *see also Marinac v. Todd*, No. 1:20-cv-1571, 2022 U.S. Dist. LEXIS 156554, at *40 (N.D. Ohio Aug. 30, 2022) (collecting cases); *State Farm Mut. Auto. Ins. Co. v. Universal Health Group, Inc.*, No. 14-cv-10266, 2014 U.S. Dist. LEXIS 151213, at *7 (E.D. Mich. Oct. 24, 2014) (generally asserting claims against all defendants not sufficient to survive a motion to dismiss).

Plaintiffs' RICO claims against News-Press fail because they do not allege any facts supporting that News-Press engaged in any RICO conduct, that News-Press engaged in a pattern of racketeering activity, or that News-Press entered any "illicit agreement to violate the substantive RICO provision."

***First,*** to survive a motion to dismiss, there must be factual allegations that a defendant participated in the "operation or management" of the enterprise. *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993). That is, "a defendant can be [liable under the RICO ACT] only if it directed or played a role in directing the affairs of the enterprise." *Whaley v. Auto Club Ins. Ass'n*, No. 95-1918, 1997 U.S. App. LEXIS 32779, at *8 (6th Cir. Nov. 12, 1997) (citing *Reves*, 507 U.S. at 179). In *Whaley*, the Sixth Circuit affirmed the dismissal of a RICO claim on a motion to dismiss where there were no factual allegations that the defendants were responsible for the operation or management of the alleged RICO enterprise. *Id.* at *11. Without such an allegation, a claim fails for lack of an allegation that the defendant participated in RICO conduct.

PD.53518351.1
PD.53573684.1

Here, there are a total of two paragraphs of allegations regarding the News-Press. None of those allegations make any statement regarding News-Press' participation in the alleged conspiracy, let alone its role in managing or running the operations of the conspiracy. Instead, the Complaint does nothing more than make a conclusory allegation that all the defendants were involved in the conspiracy. Under the *Twiqbal* standard, that is never sufficient to survive a motion to dismiss. That is especially true in the RICO context, where courts would expect to find substantial factual allegations to support allegations of an international conspiracy involving government actors, media companies, non-profits, and individuals. *See Wyndham Vacation Resorts, Inc.*, 2013 U.S. Dist. LEXIS 103249, at *21-24 (outlining the more than 180 individual communications between conspirators pleaded, the specific times and dates of alleged fraudulent activity, instances of sham property transfers and instances of the creation of false documents.). None of that is present here and that requires dismissal.

**Second**, Plaintiffs fail to allege that News-Press engaged in a pattern of racketeering activity. "In order to adequately plead that defendants . . . engaged in a 'pattern of racketeering activity,' a plaintiff must allege that the defendants committed at least two predicate acts of racketeering activity within a ten-year period." *Brown*, 447 F. Supp. 3d at 645 (citing 18 U.S.C. § 1961(5)). "Racketeering activity consists of acts which are indictable under a number of federal statutes listed in 18 U.S.C. § 1961(1)(B)." *Heinrich*, 668 F.3d at 404; *see also Perkins v. Rieser*, No. 3:07-cv-325, 2012 U.S. Dist. LEXIS 87987, at *9-10 (S.D. Ohio June 26, 2012) (dismissing RICO claims with prejudice pursuant to Rule 12(b)(6)). That is, the specific crimes that are RICO predicate acts are explicitly listed in the RICO Act. Failure to plead facts supporting the required predicate acts requires dismissal of a RICO claim. *Brown v. Burch, Porter & Johnson PLLC Law*

*Firm*,[4] No. 15-2167, 2015 U.S. Dist. LEXIS 132524, at *9 (W.D. Tenn. Sept. 30, 2015) (citing *Beer, Inc. v. Conn.*, 5 F.3d 181, 183-84 (6th Cir. 1993)).

The Complaint alleges seven supposed predicate acts: (1) "Human Trafficking and Involuntary Servitude . . . involving the purchase, sale, and exploitation of individuals through force and coercion;" (2) "Financial Crimes and Extortion . . . encompassing extortion, money laundering, and wire fraud aimed at financing and perpetuating the Defendants' illicit activities;" (3) "Sexual Exploitation of Children . . . involving the procurement and transportation of minors who have been trafficked for unlawful sexual purposes;" (4) "Economic Espionage and Theft of Trade Secrets . . . involving the unauthorized recording and dissemination of sensitive information to harm law enforcement efforts and gain illicit advantages;" (5) "Interference with Law Enforcement Operations . . . involving the obstruction of legitimate law enforcement investigations and the manipulation of legal processes to facilitate criminal enterprises;" (6) "Murder-for-Hire and International Terrorism . . . . Specifically, based on [Defendant] Phil Drake's admissions, the Defendants engaged in separating children from their parents at the U.S.-Mexico Border, participating in the murder of those parents, and smuggling satchels of money back into the United States to bribe officials;" and (7) "Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises . . . . The Defendants traveled across state lines and utilized interstate mail and commerce facilities with the intent to distribute the proceeds of unlawful activities, commit crimes of violence to further these activities, and facilitate the promotion and management of their criminal enterprises."[5] DE 1 at ¶ 25.

---

[4] The LEXIS database currently titles this case *Brown v. Burch*. The citation used herein is the full citation based on the actual parties. Counsel raises this issue only so that there is no confusion regarding the identity of the case cited.

[5] Other places in the Complaint seem to allege that defamation, false light, and state law torts are "predicate acts" under the RICO Statute. *See* DE 1 at ¶ 523(h). That, is of course, directly contradicted by the Act itself. 18 U.S.C. § 1961(1)(B). The Sixth Circuit has explicitly held that

However, the two paragraphs in the Complaint regarding News-Press do not relate to those alleged crimes in any way. Instead, all the facts pleaded regarding News-Press relate solely to republishing an article previously published by the Scripps Media, Inc. Defendants. As set forth below, those allegations fail to establish a plausible defamation or false light claim. They certainly do not establish one of the federal crimes alleged as the predicate offenses. Further, even if the two paragraphs of allegations could support a claim for defamation or false light, neither of those state civil actions are predicate acts under the RICO Act. *DIRECTV, Inc. v. Cavanaugh*, F. Supp. 2d 825, 839 (E.D. Mich. 2003); *see also* DE 37 at 13 (collecting cases). That alone requires dismissal of the RICO claims brought against News-Press.

**Third,** Plaintiffs fail to allege the formation of a RICO enterprise. A RICO enterprise is "any individual, partnership, corporation, association, or other legal entity and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Courts have interpreted that language to require pleading facts making plausible allegations that "(1) that a group of persons formed an ongoing organization; (2) that they functioned as a continuing unit; and (3) that the organization was separate from the pattern of racketeering activity in which it engaged." *Gratton v. Cochran*, No. 3:19-cv-267, 2019 U.S. Dist. LEXIS 69599, at *7 (M.D. Tenn. April 24, 2019) (citing *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 793 (6th Cir. 2012)); *see also Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985), superseded by statute on other grounds as noted by *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 721 (E.D. La. 2011) (Congress narrowed the RICO Act after the Supreme Court held it should be read broadly). Where a complaint fails to allege facts supporting each of these elements it is subject to dismissal. *Id.* at *8 (citing *VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 699 (6th Cir. 2000),

---

"[o]nly those acts itemized in 18 U.S.C. § can constitute predicate offense for RICO violations." *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993).

overruled in part, on other grounds, by *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008)); *see also Pompy v. First Merchs. Bank*, No. 24-1249, 2025 U.S. App. LEXIS 12703, at *19-20 (6th Cir. May 23, 2025). As courts in this Circuit have found failing to allege "three 'structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associations to pursue the enterprise's purpose," means a claim must be dismissed. *Chendes v. Xerox HR Sols., LLC*, No. 16-13980, 2018 U.S. Dist. LEXIS 116105, at *24-25 (E.D. Mich. June 25, 2018) (quoting *Boyle v. United States*, 556 U.S. 938, 946 (2009)); *see also Shields v. HSBC Bank USA, Nat'l Ass'n*, 2014 U.S. Dist. LEXIS 44351, at *12-13 (W.D. Tenn. Mar. 7, 2014) (citing *Ouwinga*, 694 F.3d at 793; *Bocciolone v. Solowsky*, No. 08-20200, 2009 U.S. Dist. LEXIS 34296, at *4 (S.D. Fla. Apr. 6, 2009)). Further, even a conspiracy to commit a fraud is not sufficient to plead a RICO enterprise, "'if the parties are not organized in a fashion that would enable them to function as a racketeering organization for other purposes.'" *Dixit v. Smith*, No. 2:21-cv-2602, 2023 U.S. Dist. LEXIS 178187, at *20 (W.D. Tenn. Aug. 11, 2023) (quoting *Brown v. Hanover Am. Ins. Co.*, No. 2:20-cv-2415, 2021 U.S. Dist. LEXIS 131108, at *11 (W.D. Tenn. July 14, 2021) (quoting *VanDenBroeck*, 210 F.3d at 699)).

Here, there is not a single fact pleaded regarding News-Press agreeing to anything with its co-defendants. There is no pleaded organization. There is not pleaded on-going scheme. Certainly, there are no factual allegations that News-Press formed a continuing group to further a criminal conspiracy. In fact, the allegations against News-Press are that it republished a single article relating to the Plaintiffs through the website of a television station in Santa Barbara, California. There is nothing in the Complaint to support that the News-Press was part of any organization involving its co-defendants. Plaintiffs have done nothing more than conclusory allege that News-Press is jointly and severally liable for the nearly 600 paragraphs of allegations aimed at News-

PD.53518354.1
PD.53573684.1

Press' co-defendants. That is not sufficient to state a claim against the News-Press and Plaintiffs'

RICO claims must be dismissed.

### III. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Claims.

Plaintiffs remaining claims for defamation, false light, defamation by implication, and civil conspiracy are all brought pursuant to state law. DE 1 at 179 – 185. This Court may decline to exercise residual jurisdiction over remaining state-law claims where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). District Courts "should not ordinarily reach the plaintiff's state law claims" where it "has dismissed a plaintiff's federal-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (citing 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966), superseded by statute on other grounds as noted by *Berrios-Cintron v. Cordeero*, 976 F. Supp. 110, 111 n.2 (D.P.R. 1997); *Hankins v. The Gap, Inc.*, 84 F.3d 797, 803 (6th Cir. 1996); *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987), abrogated in part by *Gaff v. Fed. Deposit Ins. Corp.*, 828 F.2d 1145 (6th Cir. 1987); *Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993)). "Residual jurisdiction should be exercised only in cases where the 'interests of judicial economy and the avoidance of multiplicity of litigation' outweigh our concern over 'needlessly deciding state law issues.'" *Id.* (quoting *Landefeld*, 994 F.2d at 1182 (quoting *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991))); *Brown*, 2015 U.S. Dist. LEXIS 132524, at *11 (citations omitted). In fact, just last term, the Supreme Court reaffirmed that federal courts should not be asserting supplemental jurisdiction when there are no federal issues remaining in a case. *Royal Canin U.S.A. Inc. v. Wullschleger*, 604 U.S. 22 (2025) (district court did not have discretion to maintain supplemental jurisdiction after plaintiff dismissed all federal question claims).

That policy is especially important here because in Tennessee state court, the media defendants would be able to rely on Tennessee's Anti-SLAPP statute and recover their costs for defending against this frivolous lawsuit which is brought to stop reporting on Plaintiffs' conduct, a matter of public concern. Tenn. Code Ann. § 20-17-101, *et seq*. As such, this Court should decline to maintain supplemental jurisdiction of the state law claims.

## IV. Plaintiffs Fail to Plead a Plausible Defamation Claim Against News-Press.

To the extent the Court maintains supplemental jurisdiction over Plaintiffs' state law claims, such claims must be dismissed.

Plaintiffs' fifth and seventh claim are both for defamation.[6] DE 1 at 179 – 543 & 183 – 184. Under Tennessee law, defamation requires proving: "(1) a party published a statement; (2) with knowledge that the statement is false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem. Hosp.*, 995 S.W. 2d 569, 571 (Tenn. 1999). Additionally, when the alleged defamatory statement is made regarding a public official or a matter of public concern, a defamation plaintiff must also allege and prove actual malice. *Charles v. McQueen*, 693 S.W. 3d 262, 268-69 (Tenn. 2024) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 242-43 (1974) *New York Times Co. v. Sullivan*, 376 U.S. 254, 271-72 (1964); *Press, Inc. v. Verran*, 569 S.W. 2d 435, 441-42 (Tenn. 1978)); *see also Archibald v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:11-0728, 2012 U.S. Dist. LEXIS 102870, at *7 (M.D. Tenn. July 23, 2012) (citation omitted).

---

[6] The seventh claim is distinguished from the fifth claim by asserting it is for "Defamation by Implication or Innuendo." DE 1 at 183. Under Tennessee law, there is no distinction between "defamation" and "defamation by implication or innuendo." *Grant v. Com. Appeal*, No. W2015-208, 2015 Tenn. App. LEXIS 750, at *35 (Tenn. Ct. App. Sept. 18, 2015), overruled, in part, on other grounds by *Burke v. Sparta Newspapers, Inc.*, 592 S.W. 3d 116, 123 (Tenn. 2019)); *see also Garner v. S. Baptist Convention*, No. E2024-100, 2025 Tenn. App. LEXIS 4, at *37 (Tenn. Jan. 8, 2025); 1 Business Torts § 6.02 (2025). That is, the same standard applies to both theories.

14

Actual malice requires proof the statement at issue was made "with knowledge that it was false or with reckless disregard of whether it was false or not." *Thomas M. Cooley Law Sch. V. Kurson Strauss, LLP*, 759 F.3d 522, 527 (6th Cir. 2014) (citing *Herbert v. Lando*, 441 U.S. 153, 156 (1979). Further, actual malice must be proved by clear and convincing evidence, not merely a preponderance of the evidence. *Id.* "Reckless disregard to the truth means that the defendant "'entertained serious doubts as to the truth of [the statements]," but published them anyway. *Finney v. Jefferson*, No. M2019-326, 2020 Tenn. App. LEXIS 428, at *12 (Tenn. Ct. App. Sept. 23, 2020) (quoting *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657 (1989) (quoting *St. Amant v. Thompson*, 390 U.S. 727, 730 (1968)). This standard requires that "the defendant made the statements with a 'high degree of awareness of . . . probable falsity.'" *Id.* (quoting *Harte-Hanks*, 491 U.S. at 667 (quoting *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964)).

While common law has long provided that a person who repeats defamatory statements made by another is also liable for defamation, a plaintiff must also allege and prove actual malice. *See SmileDirectClub, Inc. v. NBCUniversal Media, LLC*, 708 S.W. 3d 556, 573-75 (Tenn. Ct. App. 2024) (citing *Funk v. Scripps Media, Inc.*, 570 S.W. 3d 205, 211 (Tenn. 2019); *Burke*, 592 S.W. 3d at 117 & 121-22). In *SmileDirect*, the plaintiff alleged that a reasonable inference from the fact the news media defendants did not contact the plaintiff prior to republishing the statements was that it had a reckless disregard for the truth. *Id.* at 575. Relying on a prior decision, the Court of appeals dismissed that argument with a single sentence. *Id.* (citing *Lewis v. NewsChannel 5 Network, L.P.*, 238 S.W. 3d 270, 301 (Tenn. Ct. App. 2007)); *see also Finney*, 2020 Tenn. App. LEXIS at *12-13 (collecting cases). That case law makes clear that there must be concrete facts pleaded showing actual malice or a plausible inference of actual malice.

Here, Plaintiffs' pleadings fail to provide any support for an argument that the News-Press re-published the article with actual malice. There are no facts pleaded regarding the News-Press'

knowledge that any facts in the story were false. Instead, the Complaint explicitly pleads that the article was "reposted and republished by 'CNN Newsource'[7] on May 23, 2024 to the website" Keyt.com. DE 1 at ¶ 168. That is, all the Complaint alleges is that a Santa Barbara, California-based television station reposted the original Scripps Media, Inc. article via CNN Newswire. There are allegations regarding the purported knowledge of certain other media defendants, but not a single word regarding News-Press' knowledge that any fact in the story was incorrect or any fact supporting an inference that the News-Press should have known that a fact or facts in the story were false.

Instead, the Complaint does nothing more than lump all the Defendants together, whether they were involved in the underlying reported conduct, simply reported on that conduct, or, in the case of the News-Press, merely republished a single story. Without any factual pleading regarding the News-Press' "actual malice," Plaintiffs' claims fail and must be dismissed.

## V.    Plaintiffs Fail to Plead a Plausible False Light Claim Against News-Press.

Plaintiffs' sixth claim is for false light. Tennessee has adopted Section 652E of the Restatement (Second) of Torts' definition of false light, which dictates that a plaintiff must allege: "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *West v. Media Gen. Convergence, Inc.*, 53 S.W. 3d 640, 644 (Tenn. 2001) (quoting Restatement (Second) of Torts § 652E (1977)). Section (b) is analogous to the actual malice standard discussed above and originally set in *Sullivan*. *Id.* at 647; *see also Eisenstein v. WTVF-TV, News Channel 5 Network, LLC*, 389 S.W.

---

[7] Plaintiffs Complaint twice pleads that KEYT is a "CNN Affiliate." DE 1 at ¶¶ 18 & 168. In reality, KEYT is an ABC affiliate, as pleaded in paragraph 18 of the Complaint. CNN does not have "affiliate" stations. CNN Newsource is a wire service from which subscribers have access to and a license to repost local news from select sources.

PD.53518351.1
PD.53573684.1

3d 313, 317 (Tenn. Ct. App. 2012) ("if the plaintiff is a public official or public figure, the appropriate standard for false light claims is actual malice"); *Wigington v. Metro. Nashville Airport Auth*, 374 F. Supp. 3d 681, 690 (M.D. Tenn. 2019) (citations omitted). Just this year, the Tennessee Court of Appeals confirmed that pleading a false light claim regarding a matter of public concern requires pleading actual malice. *Garner*, 2025 Tenn. App. LEXIS 4, at *39-40.

As discussed in detail above, Plaintiffs have failed to allege any facts related to the information News-Press knew or should have known. Certainly, Plaintiffs have not pleaded facts making it plausible that News-Press published any facts it knew or should have known were false or recklessly disregarded whether any of the published facts were false. As such, Plaintiffs' false light claim must be dismissed.

## VI. There is No Stand-Alone Conspiracy Claim Under Tennessee Law.

Plaintiffs' ninth claim is for civil conspiracy. Tennessee does not have a cause of action for "civil conspiracy," instead a finding of civil conspiracy is only a method for determining the appropriate allocation of damages based on separate actionable conduct. *JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*, No. 3:19-cv-469, 2020 U.S. Dist. LEXIS 183176, at *20-21 (M.D. Tenn. Oct. 2, 2020)[8] (citing *Wachter, Inc. v. Cabling Innovations, LLC*, 387 F. Supp. 3d 830, 849 (M.D. Tenn. 2019)). "Consistent with its function, a civil conspiracy 'requires an underlying predicate tort allegedly committed pursuant to the conspiracy." *Id*. at *21 (quoting *Lane v. Becker*, 334 S.W. 3d 756, 763 (Tenn. Ct. App. 2010) (quoting *Watson's Carpet & Floor Covering, Inc. v. McCormick*, 247 S.W. 3d 169, 180 (Tenn. Ct. App. 2007))).

"'Conspiracy, standing alone, is not actionable where the underlying tort is not actionable.'" *Id*. (quoting *Lane*, 334 S.W. 3d at 763). "[W]here the complaint alleges no underlying

---

[8] A later decision in this same case, came to the same conclusion. *JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*, 615 F. Supp. 3d 750, 781 n.17 (M.D. Tenn. 2022).

tort, the civil conspiracy claim has not been validly stated and should be dismissed for failure to state a claim." *Id.* (citing *Law v. Bioheart, Inc.*, No. 07-02177, 2007 U.S. Dist. LEXIS 105865, at *2 (W.D. Tenn. July 26, 2007)). Further, a civil conspiracy must fail unless there is pleading of "a concerted effort by the defendants to cause harm to the plaintiff." *Id.* (citing *Wachter*, 387 F. Supp. at 848).

As set forth above, there is no plausible underlying tort pleaded against the News-Press. Each of Plaintiffs' eight substantive claims require dismissal. Dismissal of those underlying claims requires dismissal of the "civil conspiracy" claim. Further, as set forth in detail above, there are no factual allegations that News-Press was involved in any conspiracy, scheme, or concerted effort. There is not a single communication between any co-Defendant and the News-Press mentioned in the Complaint. The only allegation is that the News-Press republished a story, originally published by the Scripps Media, Inc. Defendants. Without facts alleging concerted effort, Plaintiffs' "civil conspiracy" claim must also fail.

**VII.     News-Press is Entitled to Its Fees and Costs.**

There is no good faith basis to allege the instant claims against News-Press. The claims are not supported in fact or law. The case against News-Press is frivolous and does nothing more than serve to amplify the wild allegations that Plaintiffs (and allegedly certain individual co-Defendants) have made against each other. As such, the Court should award the News-Press its costs and fees.

**A. The Section 1983 Claim Against the News-Press is Frivolous, Unreasonable, and Without Foundation.**

Section 1988 allows civil rights claim defendants to recover their attorneys' fees if they are a "prevailing party" and prove the plaintiff's action was "frivolous, unreasonable, or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (citing 42 U.S.C. § 1988); *Bowman v. City of Olmsted Falls*, 802 Fed. App'x 971, 974 (6th Cir. 2020). Plaintiffs' first two claims in this case

are that the News-Press was a state actor or joined with a state actor and violated Plaintiffs' rights. These claims were brought pursuant to Section 1983 and are subject to the rule set forth in Section 1988.

As Courts in this Circuit have found when a party brings an action and "fail[s] to allege any facts, which, if proven, would have entitled them to relief . . . [the defendant] is entitled to recover its reasonable attorneys' fees." *Mickens v. Unknown Parties*, No. 1:21-cv-846, 2022 U.S. Dist. LEXIS 248399, at *4 (W.D. Mich. Aug. 18, 2022). When a claim does nothing more than "waste the court's time and multiply the legal costs of his adversaries, such a sanction is warranted." *Bowman*, 802 Fed. App'x at 975.

Here, News-Press has been accused of two separate violations of Plaintiffs' First Amendment rights. Of course, as set forth above, such a claim can only be brought against a state actor or a private actor considered a state actor under the narrow path set by the Supreme Court.

It is difficult to imagine any facts that could be pleaded against the News-Press that could make this a viable claim. No matter, Plaintiffs have not attempted to plead such facts. There are no allegations regarding News-Press which even attempt to make such a connection. And, we know that Plaintiffs were aware of this obligation. Plaintiffs attempt to make such allegations against Defendants Phil Williams and Scripps Media, Inc. DE 1 at ¶¶ 156 & 157. Specifically, Plaintiffs plead:

> Phil Williams and NewsChannel 5's active coordination with Commissioners Templet and Gregory, including providing the defamatory narrative that prompted the special meeting and then accepting privileged material from them – renders Williams and Scripps Media joint participants in state action, subjecting them to § 1983 liability. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982)[9].

DE 1 at ¶ 156

---

[9] As set forth above in Section I, *Lugar* is one of the Supreme Court cases establishing when a private actor may be liable under Section 1983.

Alternatively, all four[10] Defendants formed a civil conspiracy to deprive Taylor of his First-Amendment rights, actionable under 42 U.S.C. § 1983(3). The objective of the conspiracy was to punish and silence Taylor for exposing public corruption, to force disclosure of his confidential psychological records, and to defame him as "unfit" in the public eye.

DE 1 at ¶ 157.

These allegations are, as a matter of law, insufficient to saddle Defendants Williams and Scripps Media, Inc. with Section 1983 liability, but at least there is an attempt to plead facts supporting the claim. As to the News-Press there are no corresponding facts. There is no explanation of any involvement of the News-Press with the public official Defendants. There is no attempt to link the News-Press to this imagined conspiracy. As such, Plaintiffs Section 1983 claims are frivolous and without foundation, and News-Press should be awarded its reasonable attorney fees.

**B. Plaintiffs' Counsel is Liable for News-Press' Fees.**

The instant Complaint would be inappropriate from a pro se plaintiff. Yet here, an attorney admitted to this Court filed it. The Complaint is nearly 200 pages long. It has almost 600 paragraphs. Yet, it makes two measly allegations against News-Press while dragging them into a baseless litigation to defend against nine claims, including child sexual abuse and ethnicity-based mass murder.

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927; *see also Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 854 (6th Cir. 2010). "Title 28 of the United States Code, § 1927, 'is designed as a sanction against dilatory litigation practices

---

[10] There are nine defendants named in the Complaint. This reference to four Defendants clearly relates to Defendants Templet, Gregory, Williams, and Scripps Media, Inc, *i.e.*, the four Defendants' named in this section of the Complaint. DE 1 at ¶¶ 149 – 157.

and is intended to require an attorney to satisfy personally the excess costs attributable to his misconduct.'" *Dixon v. Clem*, No. 6:05-cv-466, 2006 U.S. Dist. LEXIS 11790, at *6 (E.D. Ky. Mar. 21, 2006) (quoting *In re Ruben*, 825 F.2d 977, 983 (6th Cir. 1987)). No bad faith is required for such an award, as the Sixth Circuit has determined that "conduct might be vexatious or unreasonable 'despite the absence of any conscious impropriety.'" *Id.* (quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986)). Instead, "[i]n the Sixth Circuit, § 1927 sanctions are warranted 'when an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *EB-Bran Prod. V. Ritchie*, No. 06-11564, 2006 U.S. Dist. LEXIS 70218, at *25 (E.D. Mich. Sept. 28, 2006) (quoting *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996)).

Courts in this Circuit have used Section 1927 to award costs and fees when a Section 1983 case was dismissed on a Rule 12(b)(6) motion and the Court determined the Complaint was frivolous. *Bojicic v. Dewine*, 714 F. Supp. 3d 913, 938 (N.D. Ohio 2024). In that case, the Court found counsel liable for the fees and expenses because basic legal research would have made clear the claims were not supported by fact or law. *Id.* Tennessee federal courts have ordered fees and costs paid by counsel when counsel failed to research the application of the statute of limitations to the facts before filing a case which was barred by the statute of limitations. *Williams v. Shelby Cty. Sch. Sys.*, No. 2:17-cv-22884, 2019 U.S. Dist. LEXIS 20004, at *9 (W.D. Tenn. Feb. 7, 2019). Further, Tennessee federal courts have had no issue in awarding fees and costs to be taxed against counsel when outlandish allegations without any basis in fact or law are alleged in a Complaint. *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, No. 12-2143, 2012 U.S. Dist. LEXIS 120120, at *11-12 (W.D. Tenn. Aug. 24, 2012) (allegations that President Obama was not born in the United States subject to sanction under 28 U.S.C. § 1927). Courts in this Circuit have

found that Section 1927 sanctions can be awarded even when some claims in a Complaint survive dismissal, but other claims are frivolous. *See Davis v. Detroit Downtown Dev. Auth.*, No. 17-cv-11742, 2018 U.S. Dist. LEXIS 12842, at \*8-9 (E.D. Mich. Jan. 26, 2018).

Here, there is no factual or legal basis for Plaintiffs' claims. Instead, plaintiffs have used the litigation privilege to defame News-Press and allege that it is engaged in the most heinous actions including child rape and ethnicity-based murder. Such a pleading must be sanctioned.

*First*, as discussed above, Plaintiffs' counsel's pleadings show that he was aware of the requirements to attempt to impose Section 1983 liability on a private party. The Complaint cites Supreme Court authority on that point. DE 1 at ¶ 156 (citing *Lugar*, 457 U.S. at 941. However, counsel made no attempt to plead facts supporting such a theory against the News-Press. Further, it is wholly implausible that a Missouri based company who republished a news story in California was engaged in a conspiracy involving elected officials, media companies, and vigilante groups to target former police officers in rural Tennessee. Such claims are not merely implausible, they are wholly baseless and pleading them should be sanctioned.

*Second*, Plaintiffs' RICO claims are frivolous. As discussed in Section II, Plaintiffs RICO claims fail for at least three reasons -  they fail to allege facts : (1) supporting an inference that the News-Press had operation or management over the supposed conspiracy; (2) supporting an inference that the News-Press engaged in RICO activity, *i.e.*, the federal crimes set forth in the RICO Act; and, (3) the formation of a RICO enterprise. These are not merely pleading failures. There can be no facts to support a Santa Barbara, California television station's supposed involvement in this conspiracy. There are no possible connections between News-Press and Millersville, Tennessee. There are no connections between the News-Press and public officials in Millersville, Tennessee. Certainly, there are no connections between the News-Press and the alleged vigilantes and conspiracist co-Defendants.

In a similar RICO case, a court in this Circuit found bad faith on the part of plaintiffs'
counsel where a lawyer and law firm were named as RICO defendants, despite the fact that there
were numerous cases holding that attorneys and law firms were not generally liable for RICO
unless the attorney or law firm went beyond providing professional legal services and there were
only conclusory allegations against the attorney and law firm. *Kattula v. Jade*, No. 07-12569, 2008
U.S. Dist. LEXIS 12320, at *11-14 & 22 (E.D. Mich. Feb. 20, 2008) (collecting cases related to
counsel being liable under the RICO Act). While there are not cases finding that television stations
are not generally liable under the RICO Act, there is simply no basis to claim that News-Press was
engaged in the heinous acts alleged as part of that conspiracy. Plaintiffs do not even try to plead
such facts. Further, in this case, not only are the allegations conclusory, there generally are not
even conclusory allegations against News-Press.

No reasonable counsel could have a good faith belief that the News-Press engaged in the
alleged RICO conduct. Instead, counsel did nothing more than throw in another defendant,
complicating an already complicated matter, and forcing the News-Press to expend thousands of
dollars to defend itself from a baseless suit.

***Third***, Plaintiffs bring defamation and false light claims against the News-Press. Plaintiffs'
counsel was obviously aware of the need to plead actual malice. *See* DE 1 at ¶¶ 165, 166, 414, &
541. Specifically, Plaintiffs pleaded, "[b]y recklessly disregarding the truth or with actual malice,
Defendants published these statements with the intent to harm Plaintiffs' reputations and divert
public scrutiny from the real issues of government transparency and due-process." DE 1 at ¶ 541.
Despite this, in the 565 substantive paragraphs and the fourteen paragraphs focused on damages,
Plaintiffs did not plead a single fact regarding the News-Press' disregard for the truth of the matters
it published or its knowledge of any false assertion of fact in the article. Any defamation or false

PD.53518351.1
PD.53573684.1

light claim against the News-Press is frivolous. There are no pleaded facts relating to the News-Press' actual malice nor are there any such facts that could be pleaded.

As such, this Court should award the News-Press its fees and expenses and should make Plaintiffs' counsel liable for those fees and expenses pursuant to 28 U.S.C. § 1927.

## <u>CONCLUSION</u>

This Court should dismiss all nine "claims" pleaded against the News-Press and award the News-Press its fees and expenses in defending against this baseless and frivolous suit.

PD.53518351.1
PD.53573684.1

Date: September 25, 2025.

RESPECTFULLY SUBMITTED,

BY: */s/Andrew W. Coffman*
Andrew W. Coffman (TN BPR #: 027160)
PHELPS DUNBAR LLP
105 East Main Street, Suite 201
Tupelo, Mississippi 38804
P. O. Box 1220
Tupelo, Mississippi 38802-1220
Telephone: (662) 842-7907
Telecopier: (662) 842-3873
Email: andrew.coffman@phelps.com


ATTORNEYS FOR DEFENDANT,
NEWS-PRESS & GAZETTE

PD.53518351.1
PD.53573684.1

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing has been filed this date with the Clerk of the Court using the CM/ECF filing system which sent notification of same to counsel of record. Additionally, I certify that I served by U.S. Mail on this date the following individuals not yet represented by counsel:

Kim Kelley
10700 S. IH 35
Dilley, TX 78017

Phillip Joseph Drake
125 Huskey Court
Spartanburg, SC 29303

Digital Defenders United Incorporated
17350 State Highway 249,
Suite 220
Houston, Texas 77064

Grow Online, LLC
1806 Sandy Lake Dr.
Friendswood, Texas 77546

Uniting America, Inc.
125 Huskey Court
Spartanburg, SC 29303

DATED this the 25th day of September, 2025.

/s/ Andrew W. Coffman
Andrew W. Coffman

PD.53573684.1