UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: CITY OF MILLERSVILLE LITIGATION This Document Relates To: Case No. 3:25-cv-00576 | ) ) ) MASTER FILE NO. 3:25-cv-00052 ) ) ) |

## DEFENDANT DAVID GREGORY'S MOTION TO DISMISS

Defendant David Gregory ("Gregory") respectfully submits this Motion to Dismiss Plaintiff Shawn Taylor ("Taylor") and Plaintiff Bryan Morris' ("Morris") complaint (Case No. 3:25-cv-00576, at ECF No. 1) (the "Complaint") in its entirety, with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs' Complaint spans nearly 200 pages and includes over 550 paragraphs of conclusory allegations against Defendant Gregory and his 37 other individual or corporate co-defendants, the majority of whom are not identified by name. *See* DE 1. Plaintiffs' Complaint alleges eight purported federal and state law "claims" against Defendant Gregory: (1) First Amendment retaliation under 42 U.S.C. § 1983 ("Section 1983"); (2) civil conspiracy under Section 1983; (3) violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"); (4) RICO conspiracy (18 U.S.C. § 1962(d)); (5) defamation; (6) false light; (7) defamation by implication or innuendo; and (8) civil conspiracy under Tennessee law. *Id.*

Plaintiffs' Complaint should be dismissed in its entirety, with prejudice, as it is frivolous and has clearly been brought for improper purposes. A plain read of the Complaint reveals that Plaintiffs do not even attempt to meet their burden of alleging facts sufficient to state a plausible

claim against Defendant Gregory. Plaintiffs instead appear to be using the litigation privilege as a shield to retaliate against or otherwise defame Defendant Gregory for legitimate actions taken or statements made in his capacity as a city commissioner. Outside of being brought for an improper purpose, Plaintiffs' Complaint does nothing more than assert speculative and conclusory allegations against Defendant Gregory and lump him into the eight causes of action also asserted against his 37 other co-defendants.

Plaintiffs' frivolous and conclusory allegations, even when accepted as true for purposes of this Motion only, fail to state a claim for relief that is plausible on its face. While not exhaustive, Defendant Gregory states:

    1.    Plaintiffs' claims under Section 1983 fail as a matter of law and should be dismissed, because Defendant Gregory is protected by both absolute legislative immunity and qualified immunity. Also, Plaintiffs' First Amendment retaliation claims fails as a matter of law because Plaintiff Taylor has not alleged adverse action. Further, because Plaintiffs have failed to state a claim for First Amendment retaliation, their claim for conspiracy to violate First Amendment rights necessarily fails as well.

    2.    Plaintiffs' RICO claims fail as a matter of law and should be dismissed because Plaintiffs do not allege any facts demonstrating they suffered an injury cognizable under RICO, that Defendant Gregory engaged in any RICO conduct, that he engaged in a pattern of racketeering activity, that he formed or participated in a RICO enterprise, or that he otherwise entered any illicit agreement to violate the substantive RICO provision.

    3.    All of Plaintiffs' state law claims fail as a matter of law and should be dismissed pursuant to the Tennessee Governmental Tort Liability Act ("GTLA"), T.C.A. § 29-20-101, et seq., as such claims are based on statements allegedly made by Defendant Gregory in his

2

Case 3:25-cv-00052    Document 70    Filed 11/14/25    Page 2 of 4 PageID #: 1311

capacity as a city commissioner. Defendant Gregory has absolute immunity from suit based on such alleged statements pursuant to the legislative privilege afforded under the GTLA.

4. Even if legislative immunity does not apply, Plaintiffs' state law claims of defamation, defamation by implication or innuendo, and false light fail as a matter of law and should be dismissed due to Plaintiffs' failure to sufficiently plead specific, actionable statements made with actual malice necessary to sustain such claims.

5. Even if legislative immunity does not apply, Plaintiffs' state law claims of civil conspiracy fail as a matter of law and should be dismissed because civil conspiracy is not itself a cause of action recognized by Tennessee courts and Plaintiffs' Complaint fails to sufficiently allege an underlying predicate tort committed pursuant to the alleged conspiracy.

Accordingly, Defendant Gregory respectfully requests that this Court grant his Motion in its entirety pursuant to Rule 12(b)(6), dismiss all of Plaintiffs' claims asserted against him with prejudice, and award him other such relief as the Court deems appropriate. A memorandum of law in support of this Motion is being filed contemporaneously herewith.

Dated: November 14, 2025

Respectfully submitted,

**FORDHARRISON LLP**

/s/ Frank L. Day
Frank L. Day, Esq.
1715 Aaron Brenner Drive
Suite 200
Memphis, Tennessee 38120
(901) 291-1529
fday@fordharrison.com

*ATTORNEY FOR DEFENDANTS CRISTINA TEMPLET AND DAVID GREGORY*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2025, the foregoing document has been forwarded to all counsel of record via the Court's CM/ECF system:

Bryant B. Kroll
The Law Office of Bryant Kroll
P.O. Box 219
Pegram, TN 37143
(615) 257-5667
bryant@bryantkroll.com
*Counsel for Plaintiffs and Consolidated Plaintiffs*

Kim Kelley
10700 S. IH 35
Dilley, TX 78017
(512) 897-3442
*pro se Defendant*

Ronald G. Harris
Womble Bond Dickinson (US) LLP
1222 Demonbreun St., Ste. 1201
Nashville, TN 37203
(629) 312-1824
ron.harris@wbd-us.com
*Co-Counsel for Phil Williams, Levi Ismail, Scripps Media, Inc.*

William J. Harbison, II
Sherrard Roe Voigt & Harbison, PLC
1600 West End Avenue, Suite 1750
Nashville, TN 37203
(615) 742-4200
jharbison@srvhlaw.com
*Co-Counsel for Phil Williams, Levi Ismail, Scripps Media, Inc.*

Andrew W. Coffman
Phelps Dunbar LLP (MS Office)
105 East Main Street, Suite 201
Tupelo, MS 38804
(662) 690-8122
andrew.coffman@phelps.com
*Counsel for News-Press & Gazette Company*

Rocklan W. King III
Adams and Reese LLP
1600 West End Ave, Suite 1400
Nashville, TN 37203
(615) 259-1450
rocky.king@arlaw.com
*Counsel for Defendants Steve Abramowicz and Heartland Journal, LLC*

/s/ Frank L. Day
Frank L. Day, Esq.