UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: CITY OF MILLERSVILLE LITIGATION ) ) ) This Document Relates To: ) Case No. 3:25-cv-00576 ) ) | MASTER FILE NO. 3:25-cv-00052 |

### DEFENDANT CRISTINA TEMPLET'S MOTION TO DISMISS

Defendant Cristina Templet ("Templet") respectfully submits this Motion to Dismiss Plaintiff Shawn Taylor ("Taylor") and Plaintiff Bryan Morris' ("Morris") complaint (Case No. 3:25-cv-00576, at ECF No. 1) (the "Complaint") in its entirety pursuant to Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure based on insufficient service of process and lack of personal jurisdiction.

On May 22, 2025, Plaintiffs filed the instant lawsuit against Defendant Templet and 37 other individual or corporate co-defendants, the majority of whom are not identified by name. *See* DE 1. Plaintiffs' Complaint spans nearly 200 pages and includes over 550 paragraphs of conclusory and baseless allegations against Defendant Templet. Plaintiffs' Complaint alleges eight purported federal and state law "claims" against Defendant Templet: (1) First Amendment retaliation under 42 U.S.C. § 1983 ("Section 1983"); (2) civil conspiracy under Section 1983; (3) violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"); (4) RICO conspiracy (18 U.S.C. § 1962(d)); (5) defamation; (6) false light; (7) defamation by implication or innuendo; and (8) civil conspiracy under Tennessee law. *Id*. Plaintiffs purport to sue Defendant Templet in her individual capacity. *Id*. at ¶ 12.

Plaintiffs' Complaint should be dismissed in its entirety pursuant to Rules 12(b)(2) and (5). Among other things, Rule 4(m) requires Plaintiffs to serve Defendant Templet with the summons and complaint within 90 days after their lawsuit was filed. Rule 4(m), FRCP. Additionally, Rule 4(l) requires Plaintiffs to provide the Court with proof of service unless service is waived. Rule 4(l), FRCP. Rule 12(b)(5) "authorizes courts to dismiss a complaint for insufficient service of process, including for failure to comply with the service requirements of Federal Rule of Civil Procedure 4." *Emiabata v. Farmers Ins. Corp.*, No. 3:23-CV-00263, 2024 WL 4940543, at *4 (M.D. Tenn. Dec. 2, 2024). Additionally, Rule 12(b)(2) authorizes courts to dismiss a complaint for lack of personal jurisdiction, which is absent without proper service. *Id.*; *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012).

Defendant Templet has never been served with a summons and complaint, despite Plaintiffs' filing of their lawsuit approximately 175 days ago (nearly double the amount of time afforded under Rule 4(m)). In addition, Defendant Templet has not waived service, nor have Plaintiffs filed proof of service with the Court. Plaintiffs are represented by legal counsel, are aware of their obligation to effect timely service, and are otherwise unable to show good cause for their failure to serve Defendant Templet in a timely manner. Further, Plaintiffs' baseless and conclusory allegations (including racketeering allegations) have now remained pending against Defendant Templet in the public record for nearly 6 months, despite her never being served with a summons and complaint. Plaintiffs' Complaint has clearly been brought for improper purposes and there is significant prejudice in allowing their claims against Defendant Templet to languish.

Thus, Defendant Templet respectfully requests that the Court dismiss Plaintiffs' Complaint against her pursuant to Rules 12(b)(2) and (5) and award her other such relief as the Court deems appropriate. Defendant Templet reserves her right to pursue dismissal of Plaintiffs' Complaint

pursuant to Rule 12(b)(6) or any other applicable grounds to the extent the Court denies this Motion or grants Plaintiffs additional time to serve their Complaint on Defendant Templet.

A memorandum of law in support of this Motion is being filed contemporaneously herewith.

Dated: November 14, 2025

Respectfully submitted,

**FORDHARRISON LLP**

/s/ Frank L. Day
Frank L. Day, Esq.
1715 Aaron Brenner Drive
Suite 200
Memphis, Tennessee 38120
(901) 291-1529
fday@fordharrison.com

***ATTORNEY FOR DEFENDANTS
CRISTINA TEMPLET AND
DAVID GREGORY***

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2025, the foregoing document has been forwarded to all counsel of record via the Court's CM/ECF system:

Bryant B. Kroll
The Law Office of Bryant Kroll
P.O. Box 219
Pegram, TN 37143
(615) 257-5667
bryant@bryantkroll.com
*Counsel for Plaintiffs and Consolidated Plaintiffs*

Kim Kelley
10700 S. IH 35
Dilley, TX 78017
(512) 897-3442
*pro se Defendant*

Ronald G. Harris
Womble Bond Dickinson (US) LLP
1222 Demonbreun St., Ste. 1201
Nashville, TN 37203
(629) 312-1824
ron.harris@wbd-us.com
*Co-Counsel for Phil Williams, Levi Ismail, Scripps Media, Inc.*

William J. Harbison, II
Sherrard Roe Voigt & Harbison, PLC
1600 West End Avenue, Suite 1750
Nashville, TN 37203
(615) 742-4200
jharbison@srvhlaw.com
*Co-Counsel for Phil Williams, Levi Ismail, Scripps Media, Inc.*

Andrew W. Coffman
Phelps Dunbar LLP (MS Office)
105 East Main Street, Suite 201
Tupelo, MS 38804
(662) 690-8122
andrew.coffman@phelps.com
*Counsel for News-Press & Gazette Company*

Rocklan W. King III
Adams and Reese LLP
1600 West End Ave, Suite 1400
Nashville, TN 37203
(615) 259-1450
rocky.king@arlaw.com
*Counsel for Defendants Steve Abramowicz and Heartland Journal, LLC*

/s/ Frank L. Day
Frank L. Day, Esq.