# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| IN RE: CITY OF MILLERSVILLE LITIGATION | Master File No. 3:25-cv-00052 |
| | Judge Crenshaw |
| This Document Relates To: No. 3:25-cv-00576 | Magistrate Judge Newbern |

## DEFENDANTS, STEVE ABRAMOWICZ AND HEARTLAND JOURNAL, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CLAIMS

Pursuant to Local Rule 7.01(a)(4), Defendants Heartland Journal, LLC and Steve Abramowicz (the "Heartland Defendants") submit this Reply in support of their Motion to Dismiss.

Dated: November 17, 2025

Respectfully submitted,

**ADAMS & REESE LLP**

*/s/ Rocklan W. King III*
Rocklan W. King III (BPR #030643)
1600 West End Ave, Suite 1400
Nashville, Tennessee 37203
(615) 259-1450 / (615) 259-1470 F
*rocky.king@arlaw.com*

*Counsel for Defendants, Steve Abramowicz and Heartland Journal, LLC*

# INTRODUCTION

Plaintiffs' Response, like their sprawling Complaint, is difficult to follow. It states that additional counsel will appear and Plaintiff will file an amended complaint to add newly obtained facts and additional parties, thus mooting the motion to dismiss. Still, Plaintiffs assert that the allegations in their Complaint sufficiently "'nudge' their claims across the plausibility line." DE 69 at 15.

Plaintiffs' Response offers a detailed timeline of the Heartland Defendants' Twitter/X posts, attempting to tie together interactions between unrelated parties leading up to the September 2024 Millersville TBI raid. Plaintiffs assert that these everyday Internet interactions somehow involve the Heartland Defendants in an elaborate scheme of conspiracy, First Amendment retaliation, racketeering, and fraud. These inferences do not meet the requirements for fact-based, plausible, and legally sufficient allegations.

# ARGUMENT

## I. Plaintiffs' Section 1983 Claims (Counts I–II) Still Fail to State a Claim.

Generally, "§ 1983 does not reach the conduct of private parties acting in their individual capacities." *Weser v. Goodson*, 965 F.3d 507, 516 (6th Cir. 2020). Plaintiffs try to avoid this rule by arguing that the Heartland Defendants engaged in a conspiracy or concerted action with other state actors because they interacted on Twitter/X with Phil Williams and broadcast two podcast episodes. DE 69 at 3–10. Thus, according to Plaintiffs, the Heartland Defendants may be held liable for § 1983 violations only by "willfully participat[ing] in joint action with state agents." *Weser*, 965 F.3d at 516.

Nothing, however, in Plaintiffs' Complaint or accompanying Response alleges that the Heartland Defendants were engaged in a conspiracy or that they "willfully participate[d] in joint

1

action with state agents." Plaintiffs' "timeline" of events unreasonably speculates that the Heartland Defendants adopted a single conspiratorial plan to "discredit Taylor for prior protected speech and punish Morris for not terminating him." DE 69 at 10. Moreover, Plaintiffs' Complaint and "timeline" do not plead that the Heartland Defendants shared a conspiratorial objective or committed overt acts in furtherance of the so-called conspiracy.

Instead of relying on facts or reasonable inferences, Plaintiffs attempt to connect the Heartland Journal podcasts' timing to the September 2024 Millersville TBI raid as a "media-official-media feedback loop" between the state actors, Commissioners Templet and Gregory, NewsChannel 5, and the Heartland Defendants. DE 69 at 11. Plaintiffs rely exclusively on the coincidental timing of the podcasts weeks before the TBI raid and after extensive reporting on a matter of public concern by the NewsChannel 5 Defendants. Plaintiffs plead no facts that logically connect these events but only argue that the sequence of events means that these defendants were all involved in the same conspiracy. That is conjecture and not a sufficient factual basis to support Plaintiffs' claims.

**II.     Plaintiffs' RICO Claims (Counts III–IV) Still Fail to Plead All Prima Facie Elements**.

Plaintiffs fail to plead the "enterprise" element of RICO. "[A]n association-in-fact enterprise [under RICO] must have a structure," with "at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 945-46 (2009). As *Smith* recognizes, plaintiffs must allege that the enterprise "function as a continuing unit and remain in existence long enough to pursue a course of conduct." *Smith v. Smith*, No. 2:15-CV-241, 2016 WL 4703834, at *5 (E.D. Tenn. Sept. 8, 2016). Alleging that Heartland Defendants had some implausible common purpose is not enough. Plaintiffs make no allegations that this "enterprise"

2

functioned as a continuing unit or had any form of longevity other than that it began "no later than August 2024 and continu[es] to the present." DE 1 at ¶ 399. Solely because there are "posts on the Internet from May–September *that are still published and available as of the date of this response*" fails to plead that the enterprise functioned as a continuing unit for a sufficient duration long enough to establish the enterprise's longevity. DE 69 at 16.

Moreover, Plaintiffs fail to plead the "pattern of racketeering activity" element of RICO. Plaintiffs' fraud allegations do not easily clear the Rule 9(b) particularity standard. Plaintiffs contend that solicitations to the alleged donation scheme provide dates, episodes, speakers, quotes, phrases, URLs, and the donation tie-ins, and plead knowledge or falsity sufficient to meet Rule 9(b). DE 69 at 19. Rather, Plaintiffs merely excerpt portions of the Heartland Journal podcasts and state that their rebroadcasting is clear mail and wire fraud under 18 U.S.C. § 1341 and 1343. These contentions fall far short of Rule 9(b)'s heightened pleading standard.

Next, Plaintiffs' contentions get even more far-fetched under the "honest-services theory" of proving mail and wire fraud. Plaintiffs claim that *Skilling v. United States*, 561 U.S. 538 (2010) provides an escape hatch to their pleading insufficiencies. The Court's holding in *Skilling* found § 1346 unconstitutionally vague when applied to fraud schemes other than bribery and kickbacks. *See Richter v. Advance Auto Parts, Inc*., 686 F.3d 847, 856 (8th Cir. 2012) (interpreting the holding in *Skilling*). In *Richter*, the plaintiff's complaint for mail and wire fraud did not allege that the misconduct amounted to either a bribe or a kickback. *Id*. Thus, the plaintiff could not rely on § 1346 to support a claim. *Id*. Similarly, here, Plaintiffs cannot introduce the honest services theory where (a) it was not alleged in the Complaint and (b) the predicate acts of mail and wire fraud were neither bribery nor kickbacks as required by the holding in *Skilling*.

3

Finally, Plaintiffs fail to plead a pattern of racketeering activity because a "close-ended" pattern requires a "substantial period of time." Simply alleging "multiple related acts over a one-year period" is insufficient to plead a substantial period of time. *See* DE 1 at 408. Plaintiffs also fail to plead an "open-ended" pattern because simply alleging that "the show continues weekly and donation links remain live" does not amount to a threat of continuing criminal activity. *See Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 410 (6th Cir. 2012).

Their conspiracy claim likewise fails. "To plausible state a claim for a violation of 18 § U.S.C. 1862(d), plaintiffs must successfully allege all the elements of a RICO violation, as well as alleging 'the existence of an illicit agreement to violate the substantive RICO provision.'" *Heinrich*, 668 F.3d at 411. "An [illicit] agreement can be shown if the defendant objectively manifested an agreement to participate directly or indirectly in the affairs of an enterprise through the commission of two or more predicate crimes." *Id*. Plaintiffs do not cite any recognized authority supporting their claim that they need only allege that each defendant "knew about and agreed to facilitate" the enterprise's scheme. DE 69 at 22. Because Plaintiffs have not alleged all the elements of a RICO claim or an illicit agreement, their conspiracy claim too must fail.

### III. The Court Should Deny Exercising Its Supplemental Jurisdiction Over Plaintiffs' Remaining State-law Claims.

Plaintiffs claim that denying supplemental jurisdiction "fails at the threshold," citing no recognized authority to support their assertion that claims against other defendants remain, so there can be no 1367(c)(3) trigger. DE 69 at 22. Such an unsupported claim fails to recognize this Court's holding in *Medlin v. City of Algood*, 355 F. Supp. 3d 707, 719 (M.D. Tenn. 2019). In that case, this Court dismissed the plaintiff's federal claims against one defendant and did not retain jurisdiction over the remaining state-law claims against that defendant because "there is a 'strong presumption in favor of declining to exercise jurisdiction over supplemental state-law claims after dismissing

4

federal anchor claims[.]'" *Id*. This presumption holds true even where federal claims remain against other defendants. *Id.*

## IV. Plaintiffs' State-law Claims Still Fail to Plead Actual Malice with Convincing Clarity.

Though malice may be pleaded "generally," the use of "generally" "does not give [a plaintiff] license to evade the less rigid—though still operative—strictures of Rule 8." *Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009). A failure to investigate information provided by others before publishing it, even when a reasonably prudent person would have done so, is not sufficient by itself to establish reckless disregard. *Lewis v. NewsChannel 5 Network, L.P.*, 238 S.W.3d 270, 301 (Tenn. Ct. App. 2007). Plaintiffs contend that because the Heartland Defendants admitted that they had done no investigation into Taylor's conspiracies, yet repeated them as fact, they purposefully avoided choosing not to consult obvious sources. DE 69 at 23. Yet, Plaintiffs' Complaint does not argue that the Heartland Defendants purposefully avoided the veracity of the statements. Furthermore, nowhere in the Complaint do Plaintiffs contend that there were obvious "counter-sources" to verify the information. Instead, these allegations come from the Response. See DE 69 at 23. Even if a reasonably prudent person would have investigated the veracity of Kelley's statements, this does not rise to the level of purposeful avoidance necessary to plead reckless disregard—*i.e.*, actual malice. Mere conclusory allegations that the Heartland Defendants acted with actual malice will not sustain Plaintiffs' state-law claims for defamation or false light.

## CONCLUSION

For the foregoing reasons, as well as the reasons stated in the Heartland Defendants' Motion to Dismiss, the Court should (1) grant Heartland Defendants' Motion to Dismiss; (2) dismiss all claims against the Heartland Defendants with prejudice; and (3) award such relief as the Court deems just and proper.

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November 2025, the foregoing instrument has been forwarded to all counsel of record via the Court's CM/ECF system:

Bryant B. Kroll
The Law Office of Bryant Kroll
P.O. Box 219
Pegram, TN 37143
(615) 257-5667
*bryant@bryantkroll.com*

*Counsel for Plaintiffs and Consolidated Plaintiffs*

Kim Kelley
10700 S. IH 35
Dilley, TX 78017
512-897-3442
*pro se Defendant*

Ronald G. Harris
Womble Bond Dickinson (US) LLP
1222 Demonbreun St, Ste 1201
Nashville, TN 37203
629-312-1824
*ron.harris@wbd-us.com*

*Co-Counsel for Phil Williams, Levi Ismail, and Scripps Media, Inc.*

William J. Harbison, II
Sherrard Roe Voigt & Harbison, PLC
1600 West End Avenue, Suite 1750
Nashville, TN 37203
615-742-4200
*jharbison@srvhlaw.com*

*Co-Counsel for Phils Williams, Levi Ismail, and Scripps Media, Inc.*

Andrew W. Coffman
Phelps Dunbar LLP (MS Office)
105 East Main Street, Suite 201
Tupelo, MS 38804
*andrew.coffman@phelps.com*

*Counsel for News-Press & Gazette Company*