IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: CITY OF MILLERSVILLE LITIGATION | ) Master File No. 3:25-cv-00052 )  ) Judge Crenshaw |
| This Document Relates To: No. 3:25-cv-00576 | )  ) Magistrate Judge Newbern ) |

**RESPONSE IN OPPOSITION TO DEFENDANT CRISTINA TEMPLET'S MOTIONS TO DISMISS**

Plaintiffs Shawn Taylor and Bryan Morris, file this Response in Opposition to Defendant Cristina Templet's Motion to Dismiss (Doc. 71) and will be filing a separate motion for a short extension of time to perfect service under Fed. R. Civ. P. 4(m). Templet's Motion should be denied because Plaintiffs made a timely, good-faith effort to serve Templet within Rule 4(m)'s period, have acted diligently to perfect service, and Templet has suffered no prejudice—especially given her counsel's appearance, repeated requests for extensions, and ongoing litigation activity. At most, the appropriate remedy is a brief, date-certain extension and an order that service be completed within a specified time pursuant to Rule 4(m).

**I.     INTRODUCTION**

Templet seeks dismissal under Rules 12(b)(2) and 12(b)(5) based on the premise that Plaintiffs did not timely serve her. But Rule 4(m) expressly provides two options where service is not completed within 90 days: the Court may dismiss without prejudice **or** order that service be made within a specified time; and if good cause exists, the Court must extend the time for service. Fed. R. Civ. P. 4(m). The Sixth Circuit likewise recognizes district courts retain discretion to extend time even absent good cause. See *Henderson v. United States*, 517 U.S. 654, 662 (1996); *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022).

Here, Plaintiffs attempted service within the Rule 4(m) period, repeatedly requested that defense counsel accept service as a professional courtesy while consenting to defense counsel's extension requests, and are actively curing the service issue now through alias summons. There is no credible prejudice, and dismissal would only create waste and delay in a complex consolidated docket. The Court should deny dismissal and instead permit Plaintiffs to complete service within a short, date-certain period.

II.     FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiffs filed the Complaint on **May 22, 2025**. (Doc. 1).

2. Plaintiffs attempted personal service on Defendant Cristina Templet on **August 18, 2025**—within Rule 4(m)'s 90-day period. Service was returned unexecuted because Templet did not answer the door.[1] [Doc. 75].

3. This action proceeds in a consolidated case structure under the caption **"In Re: City of Millersville Litigation"**, with a master-file number and "this document relates to" designations (including **3:25-cv-00576**), which has created additional administrative complexity in tracking and filing service returns across numerous defendants.

4. On **September 15, 2025**, attorney Frank L. Day, Jr. contacted Plaintiffs' counsel stating he represented Defendants Gregory and Templet and requested a **60-day extension** of time to respond.

---

[1] Plaintiffs' counsel filed several returns of service on or around this date, and inadvertently did not file Cristina Templet's Return of Service Unexecuted. However, this has since been completed and a new Summons for Templet has been obtained.

Case 3:25-cv-00052    Document 79    Filed 12/19/25    Page 2 of 9 PageID #: 1393

2

> Hi Bryant,
>
> I just tried to call you in the office, but I did not leave a voicemail.
>
> I do not know much about this case yet, but I am going to be representing David Gregory and Christina Templet. I plan to file a notice of appearance today, and I will also need to file a motion for an extension of time to answer or otherwise respond. I would normally request 30 days, but it is clearly going to take me some significant time to talk to each about the allegations. I plan to ask for 60 days in the motion. Please let me know if we can show our motion as unopposed by Plaintiffs. I would appreciate the courtesy.
>
> I am looking forward to working with you on this case. My afternoon is crazy today, but if you have a few minutes to chat, please feel free to give me a call. I will be on Zooms for much of the afternoon so it would be easiest to reach me on my mobile, 901-359-4821.
>
> Frank
>
>  **Frank L. Day**, Jr.
> *Attorney at Law*

5. Plaintiffs consented the same day. In the same response, Plaintiffs advised they did not believe Templet had been officially served and asked whether Day would accept service on Templet's behalf.

> Good afternoon, Frank. I saw your call but was on another one at the time.
>
> I have no objection to the extension, as this is quite a lengthy complaint.
>
> Also, I don't think we have officially served Cristina Templet yet, so if you are able to accept service on her behalf, please let me know.
>
> The *Taylor* case was consolidated by the Court with an earlier-filed case brought on behalf of Todd Dorris and Michael Candler. I've attached the consolidation order for your reference so you know how to handle the case caption, which is now "In Re: City of Millersville Litigation."
>
> Feel free to call me on my cell when you're in between your Zoom meetings:

> Best,
> --
> Bryant Kroll
> The Law Office of Bryant Kroll

6. On **November 11, 2025**, attorney Joseph Harris (copied to Day) requested an additional extension and leave to exceed page limits.

> **Subject:** City of Millersville
>
> Dear Mr. Kroll,
>
> I am working with Frank Day (copied) on the City of Millersville litigation. Our firm represents defendants Templet and Gregory.
>
> Please let me know if you would consent to a one-week extension of time (through 11/22) for us to answer or move in response to the complaint. Also, please let me know if you would consent to us exceeding the page limit in the Local Rules by 10 pages.
>
> I would greatly appreciate it.
>
> Thanks,
> Joe
>
> 
> Joseph H. Harris
> Attorney at Law

7. Plaintiffs again consented (with a reciprocal page-limit condition) and again requested to know whether defense counsel would accept service for Templet:

> **Subject:** Re: City of Millersville
>
> Joe,
>
> We have no objection to the one-week extension or the increase of 10 pages, provided that you will agree to me exceeding the page limit in kind, if necessary.
>
> Also, we still need to serve Cristina Templet, so let me know if you can accept service.
>
> Best,
> --
> Bryant Kroll

8. Templet filed the pending Motion to Dismiss on **November 14, 2025**. (Doc. 71).

9. Because the response deadline fell on the Friday after Thanksgiving and Plaintiffs' counsel was traveling, Plaintiffs moved for an extension of time to respond through **December 18, 2025**. Templet's counsel did not oppose that extension.

10. Upon confirming that the unexecuted return had not been docketed, Plaintiffs filed it and promptly sought issuance of an alias summons for Templet through CM/ECF. (Doc. 75). As of the filing of this Response, the alias summons has been requested and issued, and Plaintiffs will promptly perfect service.

### III. LEGAL STANDARD

Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, "the court … must dismiss the action without prejudice … **or order that service be made within a specified time**." Fed. R. Civ. P. 4(m) (emphasis added). If the plaintiff shows good cause, "the court must extend the time for service for an appropriate period." *Id.* The Supreme Court has recognized that Rule 4(m) also permits courts to extend time even absent good cause. *Henderson*, 517 U.S. at 662. The Sixth Circuit has reaffirmed that "even without a showing of good cause, the court retains discretion" to enlarge Rule 4(m)'s timeframe. *Oakland Physicians*, 44 F.4th at 568.

## IV. ARGUMENT

### A. Plaintiffs made a timely, good-faith effort to serve Templet and have acted diligently to perfect service.

Templet's Motion presents the issue as if Plaintiffs made no effort to serve her. The record is otherwise. Plaintiffs attempted personal service on August 18, 2025, within Rule 4(m)'s service period, and service was returned unexecuted only because Templet did not answer the door.

Thereafter, Plaintiffs did not "sit" on service. Plaintiffs twice sought to streamline service through defense counsel—on September 15, 2025 and November 11, 2025—each time while extending professional courtesies to defense counsel by consenting to requested extensions and page-limit relief. Plaintiffs have now docketed the unexecuted return and requested an alias summons to complete service. In short, Plaintiffs have made good-faith efforts to achieve service and have diligently corrected any administrative deficiency once identified.

### B. Rule 4(m) authorizes (and these facts warrant) a short extension and an order to complete service—rather than dismissal.

Even assuming the Court finds service was not completed within Rule 4(m)'s initial period, the remedy Templet seeks is not automatic. Rule 4(m) expressly allows the Court to **order service within a specified time**, and—if good cause is shown—requires an extension. Fed. R. Civ. P. 4(m). And even absent good cause, the Court retains discretion to extend. *Oakland Physicians*, 44 F.4th at 568.

The equities strongly support a discretionary extension here. *Oakland Physicians* identifies relevant factors for discretionary extensions, including: the length of delay; prejudice beyond having to defend the suit; actual notice; whether refusal to extend would substantially prejudice

the plaintiff; and whether the plaintiff acted in good faith or was diligent in correcting deficiencies. 44 F.4th at 569–71. Those considerations favor an extension:

- **Actual notice**: Templet has been represented by counsel since at least September 15, 2025, and counsel has actively litigated in the case (including requesting multiple extensions and filing motions).

- **No prejudice beyond ordinary defense**: Templet identifies no concrete prejudice such as loss of evidence, unavailable witnesses, or impaired defense—only the inherent burden of being sued.

- **Good faith and diligence**: Plaintiffs attempted service within the 90-day window, repeatedly sought counsel's acceptance of service, and are now actively perfecting service via alias summons.

- **Substantial prejudice to Plaintiffs from dismissal**: Dismissal (even without prejudice) would impose unnecessary duplication and expense in a complex consolidated docket and may, depending on applicable limitation periods for certain claims, risk time-bar issues and other substantial prejudice.

Accordingly, a short, date-certain extension and a directive to complete service is the appropriate, proportionate remedy.

C.   **Templet cannot show prejudice, particularly given her counsel's repeated extension requests and non-opposition to Plaintiffs' extension to respond.**

Templet's Motion asserts "prejudice" in general terms, but the procedural history shows the opposite. Templet has been represented by counsel for months; counsel has requested multiple extensions and litigated the matter; and counsel did not oppose Plaintiffs' motion extending the deadline to respond to the Motion to **December 19, 2025**. These facts confirm that a brief extension

to complete service will not cause any unfair prejudice and will instead allow the case to proceed on the merits.

**D.     Templet's Rule 12(b)(2) and 12(b)(5) arguments should be denied or deferred because the service issue is being cured under Rule 4(m).**

Templet's Rules 12(b)(2) and 12(b)(5) arguments rise and fall on the curable service timing issue addressed by Rule 4(m). The Court should deny dismissal and, at most, order completion of service within a specified time. Alternatively, the Court may hold the Motion in abeyance pending completion of service, after which Templet's service-based challenges will be moot.

**V.     CONCLUSION AND REQUESTED RELIEF**

For the reasons stated, Plaintiffs respectfully request that the Court **DENY** Defendant Cristina Templet's Motion to Dismiss.

Respectfully Submitted,

/s/ *Bryant Kroll*
Bryant Kroll (#33394)
The Law Office of Bryant Kroll
P.O. Box 219
Pegram, TN 37143
Ph: (615) 994-1837
Bryant@BryantKroll.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following via this Court's electronic CM/ECF filing system to:

**SHERRARD, ROE, VOIGHT & HARBISON, PLC**
William J. Harbison II (BPR # 33330)
1600 West End Ave., Suite 1750
Nashville, TN 37203
(615) 742-4200
jharbison@srvhlaw.com

**WOMBLE BOND DICKINSON, LLP**
Ronald G. Harris (BPR # 9054)
1222 Demonbreun Street, Suite 1201
Nashville, TN 37203
(629) 250-3388
ron.harris@wbd-us.com
*Attorneys for the NewsChannel 5 Defendants*

Alex J. Brinson, Esq.
Rocklam King, Esq.
1600 West End Avenue
Suite 1400
Nashville, TN 37203
(615) 259-1450
Alex.brinson@arlaw.com
Rocky.king@arlaw.com
*Attorneys for Defendant Steve Abramowicz and Heartland Journal, LLC*

**FORDHARRISON LLP**

Frank L. Day, Esq.
1715 Aaron Brenner Drive
Suite 200
Memphis, Tennessee 38120
(901) 291-1529
fday@fordharrison.com
*Attorneys For Defendants Cristina Templet And David Gregory*

Andrew W. Coffman, TN Bar #027160
PHELPS DUNBAR LLP
105 East Main Street, Suite 201
Tupelo, Mississippi 38804
Post Office Box 1220 Tupelo, Mississippi 38802-1220
Telephone: (662) 842-7907
Telecopier: (662) 842-3873
Email: andrew.coffman@phelps.com
*Attorneys for News-Press & Gazette Company, Defendant*

This 18th Day of December, 2025.

                                                  */s/ Bryant Kroll*
                                                  Bryant Kroll (#33394)